2012 Ark. App. 87

**Terry Lee SCROGGINS, Appellant**

v.

**STATE Of Arkansas, Appellee.**

**No. CA CR 11–768.**

Court of Appeals of Arkansas.

Jan. 25, 2012.

Johnathan D. Dial, Sr., Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Vada Berger, Little Rock, for appellee.

DAVID M. GLOVER, Judge.

On May 26, 2009, appellant Terry Lee Scroggins pled guilty to the underlying offense of violating Arkansas's hot-check law and was sentenced to three years' probation, $150 in costs, $305 in fines, and $250 in DNA fees. A restitution judgment in the amount of $347.37 was also entered and ordered payable in installments of $45 per month, plus $5 per month per Act

1262, to begin July 1, 2009. Scroggins was given credit for seventeen days in jail at $40 per day. The conditions of his probation included paying the ordered costs, fines, restitution, and fees. On October 12, 2010, the State filed a petition to revoke Scroggins's probation, alleging his possession of firearms. Following a hearing, the trial court revoked his probation and sentenced him to five years in the Arkansas Department of Correction. Scroggins appeals, contending that 1) the trial court erred in ruling he violated a condition of his probation because the State failed to introduce the terms and conditions of his probation into evidence at the revocation hearing, and 2) the revocation is procedurally void and clearly against the preponderance of the evidence. We affirm.

For his first point of appeal, Scroggins contends that the State did not meet its burden of proving that he violated the terms and conditions of his probation because it failed to introduce the terms and conditions into evidence. We disagree.

The State argues preliminarily that this argument was not properly preserved because Scroggins did not raise it until *after* the trial court had made its decision and sentenced him. Scroggins counters that 1) the argument *was* raised, in effect, during the hearing, and 2) more importantly, because the argument challenges the sufficiency of the evidence, it was not necessary to raise it below.

We have examined the portion of the record that appellant relies on in taking the position that his argument *was* raised during the hearing. Briefly, Scroggins's objection was that the deputy clerk of the Logan County Sheriff's Department was not a relevant witness to testify about whether Scroggins was ordered to make regular payments, noting, "That's in the Court's file; she has no knowledge, cannot testify to that." Later in his argument, he contended, "If she [is not] tying records or numbers of the probation revocation to the payments, she's not a relevant witness." The objection was overruled. It was not until after the trial court had revoked Scroggins's probation and sentenced him to five years in prison that Scroggins contended no conditions of probation were placed into evidence by the State, and that "[t]hey haven't proved what he violated. They just said he hadn't paid." We have concluded that the objection raised during the hearing, *i.e.,* prior to revocation and sentencing, does not encompass the argument Scroggins makes to us in this appeal. Consequently, in order to determine whether the point he raises on appeal is properly before us, we must examine whether his challenge is a procedural one, and thus barred because it was not raised in a timely fashion below, or whether it involves the sufficiency of the evidence supporting his revocation, and thus *not* barred by his failure to timely raise it below. We have concluded that the issue is more in the nature of a hybrid procedural/sufficiency challenge, which allows us to address it in this appeal, but that there is no basis for reversal of the revocation.

Four cases decided by our court help set the framework for our decision: *Nelson v. State,* 84 Ark.App. 373, 141 S.W.3d 900 (2004); *Whitener v. State,* 96 Ark.App. 354, 241 S.W.3d 779 (2006); *Costes v. State,* 103 Ark.App. 171, 287 S.W.3d 639 (2008); *Thomas v. State,* 2010 Ark. App. 650, 2010 WL 3783705. In *Nelson,* our court concluded that Nelson's argument that the State failed to prove that he had been given a copy of the conditions of probation was a procedural one that had to be raised below. In *Whitener,* the argument differed from that presented in *Nelson,* in that Whitener argued that the State's failure to introduce the terms and conditions

of her probation at the hearing amounted to a failure of the sufficiency of the evidence supporting her revocation. Our court determined that "[Whitener's] argument that the terms and conditions of probation were not introduced into evidence amounts to a procedural objection, and appellant did not raise this issue at the revocation hearing. This court will not consider issues raised for the first time on appeal." 96 Ark.App. at 357, 241 S.W.3d at 782. It is important to note, however, as Scroggins argues here, that the conditions violated in *Whitener* were violations of law and that the opinion emphasizes that fact: "Because our statutory law requires that every probationary sentence contain the condition that the probationer not violate the law, and because everyone is presumed to know the law, it was not necessary for the State to introduce into evidence the probationary condition that appellant not violate the law." *Id.*

In *Costes,* our court explained:

Appellant inserts a comment in her argument that the State failed to enter into evidence the conditions of her suspension upon which to establish any violation. The State correctly notes that this argument is raised for the first time on appeal and is consequently not preserved for review. [Citing *Whitener.*] Whether there is proof that a probationer received written conditions of probation is a procedural matter, and not one of the sufficiency of the evidence, because the purpose of providing the conditions in writing is to prevent confusion on the probationer's part. [Citing *Nelson.*] Moreover, appellant concedes in her brief to us that "possession of methamphetamine and possession of drug paraphernalia would, if supported by sufficient evidence, constitute violations of her conditions of suspended sentence." Furthermore, the record contains the file-marked written conditions

to which appellant agreed in order to receive a suspended sentence.

The dissenting judge in this case believes that our court should overrule *Whitener, supra,* for the same reasons stated in his dissent to *Whitener.* That case was decided by a five-to-one majority. Appellant has not asked that we revisit that precedent nor does she cite that case in her brief, instead focusing her argument on the sufficiency of the proof, as have we. We adhere to the established case law.

103 Ark.App. at 175, 287 S.W.3d at 642–43. The *Costes* opinion does not emphasize—as was done in *Whitener*—that the alleged breaches of conditions involved violations of the law, but it is important to note that they did.

In *Thomas,* with no real discussion, our court rejected the argument that not introducing the terms and conditions into evidence constituted a failure of proof on the revocation. Our court merely stated:

Thomas contends that since the State did not introduce the terms and conditions of his suspended sentence, the court had "no basis from which to conclude that [he] had violated a term of suspension." The State correctly notes that Thomas has waived this argument. An argument that the terms and conditions of probation were not introduced into evidence is a procedural one that is waived if not raised at the revocation hearing. [Citing *Whitener.*] Because Thomas failed to raise this argument at the trial level, we do not address it.

2010 Ark. App. 650, at 2–3, 2010 WL 3783705. *Whitener* was cited in support, but, once again, the probation violations in *Thomas* also involved violations of law.

Here, the State did not pursue at the revocation hearing the firearms violations alleged in the petition to revoke. If viola-

tions of the law had been presented as the violation of Scroggins's probation conditions, *Whitener* would clearly control. Rather, the only proof presented at the revocation hearing involved Scroggins's failure to pay. The parties have not provided us with legal authority that addresses this precise situation, and our research has not revealed any. Accordingly, this case presents an issue that seems to be of first impression. We briefly considered attempting to certify the issue to our supreme court, but because our line of cases have somewhat portended our decision in this regard, we decided not to certify.

While we acknowledge that the trial court must be aware of the terms and conditions of probation in order to determine whether they have been violated, we do not agree with Scroggins's argument that failure to actually, formally introduce the conditions into evidence at a revocation hearing amounts to a failure of proof. We have recognized many times that it is not necessary to adhere strictly to the rules of evidence in a revocation hearing, just as it is not necessary to formally move for a directed verdict at the close of the evidence in a revocation hearing. As mentioned previously, the *Costes* opinion does not seem to rely on the distinctions among condition violations, *i.e.*, whether they involve violations of the law or not. Moreover, the opinion notes the presence of the conditions in the record that was before the trial court at the hearing. Consequently, in addressing the issue before us in the instant case, we have reasoned that in the vast majority of revocation cases, the terms and conditions will be before the trial court as part of the record because that is the whole purpose of the hearing—to determine if the terms and conditions have been violated. In situations in which the terms and conditions are *not* part of the record, the actual terms and conditions

of the probation will undoubtedly become an issue for the trial court to address and resolve.

Accordingly, because of the more relaxed nature of a revocation hearing regarding evidentiary rules and motions challenging the sufficiency of the evidence, we regard the actual terms and conditions of probation to be something of a procedural/sufficiency hybrid in that it is absolutely necessary for the trial court to be aware of what those terms and conditions are in order to determine if the defendant has violated them, but we hold that, as long as it is clear from the record that the trial court knew the terms and conditions of the defendant's probation, the fact that the conditions were not formally introduced into evidence does not constitute a failure of proof in and of itself. Here, the terms and conditions of Scroggins's probation were part of the record. *See Beck v. State*, 317 Ark. 154, 876 S.W.2d 561 (1994); *Gray v. State*, 2010 Ark. App. 159, 2010 WL 546418. We hold, therefore, that the fact they were not formally introduced into evidence by the State does not constitute, in and of itself, a failure of proof.

For his second point of appeal, Scroggins contends that the revocation of his probation is procedurally void and clearly against the preponderance of the evidence. In discussing this point, he breaks it into several subpoints:

1) *The trial court failed to issue written findings of the reasons for revocation and the evidence relied on.*

We do not address this contention because the issue was not raised below, and therefore was not preserved for our review. *See Brandon v. State*, 300 Ark. 32, 776 S.W.2d 345 (1989).

2) *The trial court substituted hearsay for confrontation without assessing desirability or practicality.*

 Despite appellant's efforts to characterize his trial arguments as encompassing his due-process right to confrontation, we disagree. This issue was not raised below and is therefore not preserved for our review. *See Roston v. State*, 362 Ark. 408, 208 S.W.3d 759 (2005) (appellate courts will not address arguments—even constitutional ones—raised for first time on appeal).

3) *The trial court erred in ruling that the State met its burdens.*

a. *The State failed to prove notice.*

██ We agree with Scroggins's assertion that the State's petition to revoke did not set forth as an actual allegation his failure to pay the ordered fines, fees, costs, and restitution. Instead, a careful examination of the petition reveals that it mentioned the payment of fines, fees, costs, and restitution in recounting the terms and conditions of his probation, but the actual allegation of a violation involved his possession of a firearm (which was described in detail in an attached fax transmission). Having recognized that mistake on the State's part, however, any argument regarding it should have been raised below in order to preserve it for appeal. We agree with the State's position that, at its core, notice is a procedural issue—not one involving sufficiency of the evidence. Consequently, it must be raised below. *See, e.g., Johnson v. State*, 2011 Ark. App. 590, 2011 WL 4585319; *Pratt v. State*, 2011 Ark. App. 185, 2011 WL 833964.

b. *The State failed to prove violation,*

and

c. *The State failed to prove intent.*

 These two subpoints can best be addressed together. As part of his discussion, Scroggins essentially reargues the State's failure to formally introduce the conditions of his probation at the hearing, but then contends that even if this court concludes that the trial court was aware of the conditions, which we have done, the State did not prove either that he failed to make the required payments or that he did so without excuse. The presentation of evidence in this case was not ideal, but we are not left with a definite and firm conviction that a mistake was made, *i.e.*, we find no clear error on the part of the trial court.

 In a revocation hearing, the State is obligated to prove by a preponderance of the evidence a violation of a term or condition of the defendant's probation. *Pitchford v. State*, 2011 Ark. App. 188, 2011 WL 833983. Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Id.* It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id.* If the probationer asserts an inability to pay, and provides evidence demonstrating that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Id.* Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the defendant's failure to pay was inexcusable. *Id.* If the probationer offers no reasonable explanation for his failure to pay, then it is difficult to find clear error in a trial court's finding of inexcusable failure. *See id.* We defer to the trial court's superior position regarding questions of credibility and the weight

to be given to testimony. *Id.* Counsel's statements are not evidence. *Durdin v. State*, 59 Ark.App. 207, 955 S.W.2d 912 (1997).

Here, the judgment and disposition order directed Scroggins to make his payments to "LCSO," the Logan County Sheriff's Office. The only person who testified at the revocation hearing was Denise Spicer, Deputy Clerk with the Logan County Sheriff's Office. She explained that in her capacity as deputy clerk, she kept track of the fines, fees, costs, and restitutions paid to the Logan County Sheriff's Office and that she was familiar with the records for Scroggins. She stated that he had not been paying as ordered. She explained that he was supposed to be paying $50 a month, beginning on July 1, 2009. She said that he got seventeen days' credit, at $40 a day ($680), on May 28, 2009, and that he paid $50 on July 9, 2009. She said that was the last payment she had received from him and that he still owed money that he had been ordered to pay. On cross-examination, she was asked about a $350 payment allegedly made by Scroggins on the day he appeared in court and pled guilty to violating the hot-check law. Spicer explained that the payment was not made to her and that she had no personal knowledge about what occurred in court on that day, including the alleged payment of $350. She said that because Scroggins had told her that he did not owe the amount shown in her records, and because she knew she was going to be testifying in court, she called "Cathy," who works in the prosecutor's office, and that as a result of that conversation, Spicer also gave Scroggins credit for an additional $153.46, even though he had not made the payment to Spicer's office as directed by the court and even though she had no way of knowing if that amount was actually applicable to the payments she was as-signed to monitor. She said that she never got a receipt or anything stating that he had paid that amount. Scroggins's counsel persisted in questioning her about the alleged $350 payment, allegedly made on the day of the plea, all of which was allegedly supposed to go toward the $347.37 of restitution. Spicer explained that, while counsel's calculations might show that Scroggins was only behind $20, she disagreed. She said that to the date of the hearing, April 4, 2011, Scroggins was "$300 behind to your calculations" and "$578.91 is what it would take to pay him off." Scroggins neither testified nor presented any other witnesses or evidence, and, again, counsel's statements are not evidence. *Durdin, supra.*

In ruling from the bench, the trial judge explained that the plea was taken in front of him; that it was clear from the testimony that Scroggins was aware of the amount for which Spicer was crediting him; that he did not provide any proof that he paid anything outside of the amount shown by Spicer; that even if he disregarded the disputed amount, a deficiency had been conceded; and that the State had thereby met its burden of proving a violation of the terms and conditions of probation. We find no clear error in that determination. The State established a deficiency in payment, and Scroggins offered nothing beyond counsel's statements to rebut or explain the deficiency.

4) *The trial court failed to hold the revocation hearing within a reasonable time, not to exceed 60 days.*

This issue was not raised below and therefore was not preserved for our review. *See Johnson v. State*, 2011 Ark. App. 590, 2011 WL 4585319.

5) *The trial court issued a warrant without probable cause supported by Oath or affirmation.*

This issue was not raised below and therefore was not preserved for our review. *See Foster v. State,* 66 Ark.App. 183, 991 S.W.2d 135 (1999).

Affirmed.

ABRAMSON, J., agrees.

PITTMAN, J., concurs.