SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–650

| | |
|---|---|
| | **Opinion Delivered** June 4, 2014 |
| JOHN ANTHONY HOUSTON<br>APPELLANT | APPEAL FROM THE CLEBURNE<br>COUNTY CIRCUIT COURT<br>[NO. CR–2012-47] |
| V. | HONORABLE JOHN DAN KEMP,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | DISMISSED |

**ROBERT J. GLADWIN, Chief Judge**

Appellant John Anthony Houston's probationary sentence, which was the result of an April 4, 2012 guilty plea to a charge of residential burglary, was revoked by the Cleburne County Circuit Court. The State filed a petition to revoke Houston's probation on December 18, 2012. On April 2, 2013, Houston tendered a plea of guilty to the probation-revocation petition. After conducting a plea hearing, the circuit court accepted Houston's plea of guilty to the probation-revocation petition and sentenced him to twelve years in the Arkansas Department of Correction. The circuit court entered a sentencing order on April 2, 2013, and Houston timely filed a notice of appeal on April 30, 2013.

Counsel has now filed a motion to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k) (2013). The clerk of this court provided Houston with a copy of his counsel's brief and notified him of

his right to file a pro se statement of points for reversal within thirty days. Houston filed pro se points,[1] and as a consequence, the attorney general filed a brief in response, as required by Arkansas Supreme Court Rule 4–3(k)(3), in which it concurs that Houston's appeal should be dismissed for lack of jurisdiction or because it is without merit.

Houston is not permitted to bring an appeal. Except as provided by Arkansas Rule of Criminal Procedure 24.3(b) (2013), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a) (2013). Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances, but Houston did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Rule 1(a). An appeal may be taken after a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. *Johnson v. State*, 2010 Ark. 63. An appeal may also be taken from the denial of a postjudgment motion to amend

---

[1]We do not address Houston's pro se points because we dismiss this appeal for lack of jurisdiction. *See Kelley v. State*, 2012 Ark. App. 36. Even if we were to address his points, however, there would be no merit to them because his claim of ineffective assistance of counsel is appropriate on direct appeal only when it is raised before the circuit court and the facts and circumstances surrounding the claim have been fully developed at the trial level. *Breeden v. State*, 2013 Ark. 145, __ S.W.3d __; *Guevara v. State*, 2012 Ark. 351. Here, no such claim was raised below and, therefore, it cannot be addressed on direct appeal. His other points were not made below; accordingly, they likewise cannot be reached on appeal. *London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003). Houston limits his points to procedural attacks surrounding the voluntariness of his admission to the revocation charges, which are subject to the requirement that an argument be preserved below in order to be reached on appeal. *See Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40.

an incorrect or illegal sentence following a guilty plea. *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999). Neither of those exceptions applies here—our review of the entire record indicates that there is no challenge to the evidence presented during the sentencing portion of Houston's probation-revocation plea hearing, and there is no challenge to the validity of the sentence itself. Houston's appeal is therefore dismissed, and the motion to withdraw is granted. *See Hubbard v. State*, 2012 Ark. App. 443.

Dismissed.

VAUGHT and BROWN, JJ., agree.

*Thomas Kendrick*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.