2014 Ark. App. 407

Rickey VAIL, Appellant

v.

STATE of Arkansas, Appellee.

No. CR–13–947.

Court of Appeals of Arkansas.

June 18, 2014.

C. Brian Williams, for appellant.

No response.

LARRY D. VAUGHT, Judge.

Rickey Vail appeals from the revocation of his suspended imposition of sentence (SIS). Pursuant to Arkansas Supreme Court Rule 4–3(k)(1) (2013) and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), his attorney has filed a no-merit brief and a motion to withdraw, asserting that there is no issue of arguable merit to present on appeal. We affirm the revocation and grant counsel's motion to withdraw.

On November 12, 2011, Vail pled guilty to multiple offenses-theft of scrap metal, first-degree criminal mischief, residential burglary, and theft of property-and was sentenced to serve 109 months' imprisonment in the Arkansas Department of Correction and forty-eight months' SIS; ordered to pay $2500 in restitution; ordered to pay court costs, fines, and fees; and directed to obey the conditions of his SIS. Vail was paroled in January 2013.

On May 16, 2013, the State filed a petition to revoke Vail's SIS, alleging that he had failed to pay restitution, fines, costs, and fees; failed to notify the sheriff and the probation office of his current address and employment; and committed four new offenses—residential burglary, theft of property, possession of a firearm by a felon, and fleeing. A revocation hearing was held on July 31, 2013. Amy Peyton, who collects court-imposed fines and fees for the Crittenden County Sheriff's Office, testified that Vail had made only one $75 payment toward his fines, costs,

and fees, leaving a balance of $1075. She also stated that since March 1, 2013, Vail had not contacted her to advise where he was working, where he was living, why he was not making his payments, or when he might make another payment. Vail's probation officer, Michael Alston, testified that he believed Vail was working in January 2013.

At the conclusion of the revocation hearing, the trial court found that Vail inexcusably failed to notify his probation officer and the sheriff's department of any change of address and that he failed to pay his fines, fees, and costs. The trial court revoked Vail's SIS and sentenced him to three years' imprisonment.

In the no-merit brief, counsel discusses the sole adverse ruling by the trial court—the revocation—and explains why it is not a meritorious ground for reversal. Vail has not raised pro se points for reversal; accordingly, the State declined to file a responsive brief.

■ Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Wiliams v. State,* 2013 Ark. App. 422, at 3, 2013 WL 3254365. On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id.* We must give due regard to the trial court's superior position in determining the credibility of witnesses and weight to be given their testimony. *Id.*

■ Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Scroggins v. State,* 2012 Ark. App. 87, at 9, 389 S.W.3d 40, 45. It is the probationer's obligation to justify his failure to pay and this shifting of the burden of production provides an opportu-nity to explain the reasons for nonpayment. *Id.,* 389 S.W.3d at 45. If the probationer asserts an inability to pay and provides evidence demonstrating that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Id.,* 389 S.W.3d at 45. Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id.,* 389 S.W.3d at 45. If the probationer offers no reasonable explanation for his failure to pay, then it is difficult to find clear error in a trial court's finding of inexcusable failure. *Id.,* 389 S.W.3d at 45.

■ After carefully examining the record and the brief presented to us, we find compliance with Rule 4–3(k)(1) and *Anders,* and we hold that there is no merit to this appeal. The testimony of Amy Peyton established two violations of conditions of Vail's SIS—he failed to pay his financial obligations as ordered and he failed to notify the sheriff's office of his current address and employment. Additionally, there was evidence that Vail was working in January 2013. Finally, no reasonable explanation for Vail's failure to pay was presented. Therefore, we hold that there is no clear error in the trial court's finding that Vail inexcusably failed to pay his court-ordered financial obligations. *Scroggins,* 2012 Ark. App. 87, at 9, 389 S.W.3d at 45.

Accordingly, the revocation of Vail's SIS was not clearly against the preponderance of the evidence, and we affirm the revocation and grant counsel's motion to withdraw. Affirmed; motion to withdraw granted.

WALMSLEY and GLOVER, JJ., agree.