SLIP OPINION

Cite as 2014 Ark. App. 404

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13-901

| | |
|---|---|
| SHAWN PATRICK McCARTY<br>APPELLANT | **Opinion Delivered** June 18, 2014 |
| | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT<br>[NO. CR-04-152] |
| V. | |
| | HONORABLE JAMES O. COX, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

Shawn McCarty appeals from his sentencing following the revocation of his suspended imposition of sentence (SIS). Because McCarty pled no contest to the petition to revoke his SIS, we must dismiss his appeal.

McCarty pled guilty to three counts of second-degree forgery in December 2004 in cases No. CR-2004-665, CR-2004-1299, and G-CR-2004-152; he was sentenced to ten years' SIS. In addition, he was ordered to pay restitution in the amount of $3,294.60, as well as a fine, fees, and costs. The State filed a petition to revoke McCarty's SIS in June 2010, alleging that he had failed to pay the restitution, fine, fees, and costs.

McCarty pled no contest to the petition in December 2012, and the circuit court took the matter under advisement for six months in order to give McCarty a chance to make some

payments toward the amounts he owed. At the sentencing hearing in September 2013, the State introduced, without objection, the restitution profile in the case, which showed that McCarty had only made one payment since his no-contest plea. McCarty testified on his own behalf, stating that he recalled the court ordering him to pay $50 per month when he entered his plea the previous December. McCarty admitted that, while he had made one payment toward the restitution he owed and had money to make more payments, he spent the money on drugs instead. The circuit court revoked McCarty's SIS in case No. G-CR-2004-152 and sentenced him to four years, to be served at a regional correctional facility, with an additional six years' SIS.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, McCarty's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Counsel's motion is accompanied by a brief referring to everything in the record that might arguably support an appeal; there were no objections raised during the hearing, and the only adverse ruling was the sentencing upon revocation of McCarty's SIS. The clerk of our court furnished McCarty with a copy of his counsel's brief and notified him of his right to file pro se points, but he has not done so.

We must dismiss the appeal because McCarty is not permitted to bring an appeal in these circumstances. Except as provided by Arkansas Rule of Criminal Procedure 24.3(b) (2013), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a) (2013). Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to

SLIP OPINION

enter a conditional guilty plea under certain specified circumstances, but McCarty did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Rule 1(a). An appeal may be taken after a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. *Johnson v. State*, 2010 Ark. 63. An appeal may also be taken from the denial of a postjudgment motion to amend an incorrect or illegal sentence following a guilty plea. *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999). Neither of those exceptions applies here—our review of the entire record indicates that there is no challenge to the evidence presented during McCarty's sentencing hearing, and there is no challenge to the validity of the sentence itself. McCarty's appeal is therefore dismissed, and the motion to withdraw is granted. *See Houston v. State*, 2014 Ark. App. 344.

Appeal dismissed.

GLADWIN, C.J., and PITTMAN, J., agree.

*David L. Dunagin*, for appellant.

No response.

3