# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-1089

| | |
|---|---|
| | **Opinion Delivered** September 10, 2014 |
| COREY DOTSON | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| APPELLANT | [No. CR-2009-1029] |
| V. | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | AFFIRMED; MOTION TO WITHDRAW |
| APPELLEE | GRANTED |

**LARRY D. VAUGHT, Judge**

Corey Dotson appeals from the sentencing order revoking his probation. Pursuant to Arkansas Supreme Court Rule 4-3(k)(1) (2013), and *Anders v. California*, 386 U.S. 738 (1967), his attorney has filed a no-merit brief and a motion to withdraw, asserting that there is no issue of arguable merit to present on appeal. We affirm the revocation and grant counsel's motion to withdraw.

On December 7, 2009, Dotson pled guilty to the sale and delivery of a controlled substance and was sentenced to sixty months' probation; ordered to pay fines, court fees and costs, and probation fees; and directed to obey the terms and conditions of his probation. On September 6, 2012, the State filed a petition to revoke Dotson's probation, alleging that he had failed to pay fines, costs, and fees; failed to report to the probation office; failed to pay probation fees; failed to notify the sheriff and the probation office of his current address and

SLIP OPINION

employment; departed from an approved residence without permission; possessed and used cocaine and marijuana; and had four positive drug screens.

A revocation hearing was held on September 3, 2013. Amy Peyton, who collects court-imposed fines and fees for the Crittenden County Sheriff's Office, testified that Dotson made no payments toward his fines, costs, and fees, leaving a balance of $2930. She also stated that Dotson never contacted her to advise where he was working, where he was living, or why he was not making his payments. During her testimony, a ledger reflecting the amount Dotson owed in fees, fines, and costs was introduced into evidence.

Dotson's probation officer, Chancey Butler-Rainey, testified that when she was assigned Dotson as a probationer in July 2013, he was classified as an absconder. He had not been reporting regularly, which resulted in a violation report being prepared August 6, 2012. Butler-Rainey testified that in addition to Dotson's failure to report, he failed to pay probation fees and owed $755.

Dotson testified at the revocation hearing, acknowledging that he was aware that his probation continued until 2014 but that he had not reported since June 2012. He said that he stopped reporting because his original probation officer was no longer there and he (Dotson) had started working. He further testified that he did not think he had to report after the petition to revoke his probation had been filed against him. However, he advised the trial court that he would report in the future. He also testified that for the past five years he had been working full-time (off and on) at a truck wash and detail shop. He stated that he had paid some but not all of the fines, fees, and costs. He said that while he was single and paid child support for his

2

ten-year-old child, he thought he could pay $30 per week toward his court-imposed financial obligations and have it paid before his probation term expired.

At the conclusion of the hearing, the trial court found that Dotson had inexcusably failed to report and pay his fees, fines, and costs. The trial court revoked Dotson's probation and sentenced him to thirty-six months' imprisonment in the Arkansas Department of Correction, along with a sixty-month suspended imposition of sentence.

Counsel's no-merit brief discusses the trial court's sole adverse ruling—the revocation—and explains why it is not a meritorious ground for reversal. Dotson has not raised pro se points for reversal; accordingly, the State declined to file a responsive brief.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Williams v. State*, 2013 Ark. App. 422, at 3. On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id.* We must give due regard to the trial court's superior position in determining the credibility of witnesses and weight to be given their testimony. *Id.*

If the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Scroggins v. State*, 2012 Ark. App. 87, at 9, 389 S.W.3d 40, 45. It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id.*, 389 S.W.3d at 45. If the probationer asserts an inability to pay, and provides evidence demonstrating

that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Id.*, 389 S.W.3d at 45. Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id.*, 389 S.W.3d at 45. If the probationer offers no reasonable explanation for his failure to pay, then it is difficult to find clear error in a trial court's finding of inexcusable failure. *Id.*, 389 S.W.3d at 45.

After carefully examining the record and the brief presented to us, we find compliance with Rule 4-3(k)(1) and *Anders*, and we hold that there is no merit to this appeal. The testimony of Peyton established that Dotson failed to pay his financial obligations as ordered. Additionally, there was evidence that Dotson was employed and he could have paid at least $30 per month toward those obligations. Moreover, the testimony of Butler-Rainey established that Dotson failed to report and pay his probation fees. While Dotson offered excuses for his failure to report and to pay his fines, fees, and costs, the trial court was not required to believe him or excuse his failure to comply with the conditions of his probation. *Soto v. State*, 2013 Ark. App. 619, at 4. Therefore, the trial court's finding that Dotson inexcusably failed to report to his probation officer and to pay his court-ordered financial obligations was not clearly against the preponderance of the evidence. *Scroggins*, 2012 Ark. App. 87, at 9, 389 S.W.3d at 45. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.
WALMSLEY and GLOVER, JJ., agree.
*C. Brian Williams*, for appellant.
No response.

4