

Cite as 2015 Ark. App. 24

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–653

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** January 21, 2015 |
| RICKY DALE WHITE | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–09–16] |
| V. | | |
| | | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION GRANTED |

### KENNETH S. HIXSON, Judge

In October 2009, appellant Ricky White pleaded guilty to being a felon in possession of a firearm before the Crittenden County Circuit Court in exchange for a six-year probationary term. Among the conditions of appellant's probation were requirements that he pay all fines, costs, and fees as directed; that he report to probation as directed; that he promptly notify law enforcement of any change of address or employment; and that he not move or remain out of the jurisdiction of the court unless granted permission. In June 2011, the State filed a petition to revoke his probation, contending that appellant violated these conditions. After a revocation hearing in April 2014, the trial court found, by a preponderance of the evidence, that appellant inexcusably violated these conditions. In the judgment that followed, appellant was sentenced to two years of imprisonment to be followed by two years of suspended imposition of sentence.

On appeal, appellant's attorney filed a no-merit brief along with a motion to be relieved as counsel for our consideration, asserting that there is no issue of arguable merit to present. Counsel cites to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) as authority to proceed on the motion to withdraw in a no-merit appeal. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum; the brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1) (2014). Appellant was provided a copy of his attorney's brief and motion, notifying him of his right to present pro se points for reversal, but appellant did not file any pro se points. The State elected not to file a brief with our court. In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

Counsel states that the only adverse ruling to appellant was the decision to revoke his probation. In a revocation proceeding, the State need establish only one of the bases alleged in its petition to revoke, and the burden is by a preponderance of the evidence. Ark. Code Ann. § 16-93-308(d) (Supp. 2013). The trial court, in order to revoke probation, must find that the defendant inexcusably failed to comply with a condition of probation. *James v. State*, 2012 Ark. App. 429. Our court reviews the trial court's findings to determine if they

are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact. *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001).

Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286. It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40. The State, however, shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id.* Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Sherril v. State*, 2014 Ark. App. 411, 439 S.W.3d 76.

After carefully examining the record and brief presented to us, we find compliance with Rule 4–3(k) and *Anders*, and we hold that there is no merit to this appeal. Amy Peyton testified on behalf of the sheriff's office, stating that she was the employee in charge of collecting fines, fees, and costs from probationers. Peyton testified that appellant had made six $50 payments as required, totaling $300, toward his more than $2400 owed. Appellant was to commence his $50 per month payments in December 2009, which he did, but payments ceased after June 2010. A copy of the record of appellant's assessments and



payments was entered into evidence. This was proof of a serious and long-term delinquency on payments due.

Appellant testified, stating that he did not pay as scheduled, despite consistently working in a remodeling business and operating heavy equipment for a salvage yard. Appellant said that he and his wife, who also worked, were taking care of their household and children. Appellant acknowledged that he was obligated to report monthly to his probation officer but did not comply. Appellant did not deny leaving West Memphis in 2010 to visit family for a few months and then moving back to his home in Texas, all without having permission from law enforcement to do so. In sum, appellant recognized that he made the wrong choice to leave. He wanted another chance to comply.

At the conclusion of the hearing, the trial court found that appellant clearly violated the conditions of his probation without reasonable excuse. The trial court specifically noted appellant's failure to make any $50 monthly payments on his fines and court costs after June 2010 despite having the ability to make payments by virtue of the jobs he held. The trial court also specifically found appellant to have violated the condition that he keep law enforcement notified of any change in address or employment and the condition that he report monthly, finding that appellant absconded from the state without permission. All of these findings depended on the trial court's assessment of appellant's credibility and the weight to be given his testimony, in light of the undisputed failures to comply. We hold that there was no clear error in finding that appellant inexcusably violated the conditions of his probation. Consequently, there is no issue of arguable merit to raise on appeal.



Affirmed; motion granted.

GLADWIN, C.J., and WHITEAKER, J., agree.

*C. Brian Williams*, for appellant.

No response.