SLIP OPINION

Cite as 2015 Ark. App. 276

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-14-1032

| | |
|---|---|
| LARRY EDGAR TRUITT<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered April 29, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR-2010-1336]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>AFFIRMED |

**BRANDON J. HARRISON, Judge**

Larry Truitt appeals the circuit court's order revoking his probation and sentencing him to two years' imprisonment. He argues that the circuit court clearly erred in finding that he inexcusably violated the conditions of his probation. We affirm.

In November 2011, Truitt pled guilty to possession of pseudoephedrine with intent to manufacture methamphetamine, and he was placed on five years' probation. In March 2013, the State filed a petition to revoke Truitt's probation, alleging that he committed the following offenses: (1) failure to pay fines, costs, and fees as directed; (2) failure to report to probation as directed; (3) failure to pay probation fees; (4) failure to notify sheriff and probation of current address and employment; (5) possession and use of amphetamines (two positive tests); (6) refusal of drug test; (7) failure to work regularly at suitable employment. An amended petition filed in August 2013 listed additional allegations of

arrest for residential burglary and theft, possession and use of amphetamines (five positive tests), and departure from approved residence without notice to or approval by probation.

At the revocation hearing, Amy Peyton, an employee of the Crittenden County Sheriff's Department, testified that Truitt was assessed a $1000 fine and $770 in court costs, to be paid at a rate of $50 per month beginning in January 2012. She explained that Truitt had made no payments and that he had not contacted her in any way to explain his nonpayment.

Kayla Stevens, Truitt's probation supervisor, testified that he had reported some, but not as ordered, and that he owed $175 in probation fees. She also testified that Truitt had tested positive for amphetamines on ten different occasions. Stevens stated that she set up a drug assessment for him and that he was placed in a substance-abuse program, but he was later discharged from the program for non-compliance. She also mentioned numerous other violations, including Truitt's arrest for obstructing governmental operations in August 2012, his failing to report in October or November of 2012, and his arrest for driving on a suspended license in February 2013. Stevens explained that after Truitt received four "strikes," with each stike being a violation of a term of his probation, the State filed a petition to revoke his probation.

Truitt testified that his last employment had been in 2012, when he worked at Washington Street Guest House for six months; that he did not make much working there; and that he has had trouble finding employment because he is a felon. Truitt admitted that he had to pay his fine and costs when he was placed on probation, but he "figured as long as [he] had the fines paid off before it was time for [him] to go flat, or get

2

off probation that [he] would be all right." He also acknowledged that he tested positive for drugs ten times.

The circuit court ruled that Truitt had violated the conditions of his probation by failing to pay fines, costs, and fees; failing the drug tests; and not successfully completing the drug program. The court sentenced him to two years' imprisonment, and this appeal followed.

To revoke probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of probation. *Reynolds v. State*, 2012 Ark. App. 705. The State has the burden of proof but needs to prove only one violation. *Id.* We will not reverse the circuit court's decision to revoke unless it is clearly against a preponderance of the evidence. *Id.* When the determination of a preponderance of the evidence turns on questions of credibility and weight, we defer to the superior position of the circuit court to decide these matters. *Id.*

Truitt does not deny that he failed to pay his fines and costs, but he argues that the circuit court erred in finding that he inexcusably violated this condition. Where the alleged violation involves the failure to pay ordered amounts, and the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286. It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40. The State, however, shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id.*

SLIP OPINION

Truitt asserts that he made a good-faith effort to obtain employment but that he had trouble getting hired because he is a felon. This, he argues, provides a reasonable excuse for his failure to pay. The circuit court clearly did not deem Truitt's offered excuses as reasonable ones, and we defer to it on credibility issues. And because proof of one violation of the conditions of suspension is sufficient to support revocation, *e.g.*, *Love v. State*, 2012 Ark. App. 600, Truitt's arguments concerning the remaining violations need not be addressed.

Affirmed.

GLADWIN, C.J., and ABRAMSON, J., agree.

*C. Brian Williams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.