

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–694

| | |
|---|---|
| JAMAAL RASHAD HALCROMBE<br>APPELLANT | Opinion Delivered March 2, 2016 |
| | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-14-780] |
| V. | |
| | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

Appellant Jamaal Halcrombe pleaded guilty to two misdemeanors and was placed on probation for a period of one year and ordered to serve thirty days in the county jail. As a general rule, an appeal from a plea of guilty or nolo contendere is prohibited. Ark. R. App. P.–Crim. 1(a) (2015). There are some limited exceptions to this general rule. Unless Halcrombe meets one of the limited exceptions, his appeal must be dismissed. Because Halcrombe does not meet any of those exceptions, we dismiss the appeal.

The first exception to the rule prohibiting appeals from a plea of guilty or nolo contendere is found in Arkansas Rule of Criminal Procedure 24.3(b) (2015). Rule 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances. Here, Halcrombe did not enter a conditional plea under Rule 24.3(b). He was initially charged with possession of methamphetamine or cocaine with purpose to deliver, a Class C

SLIP OPINION

felony; possession of a controlled substance, a Class A misdemeanor; fleeing, a Class C misdemeanor; and drinking in public, a Class C misdemeanor. The State subsequently nolle prossed the felony-possession charge and the drinking-in-public charge. Afterward, Halcrombe entered a guilty plea to the two remaining misdemeanor counts without conditions under Rule 24.3(b). Consequently, this exception does not apply.

Our supreme court has recognized two other exceptions to Rule 1(a). An appeal may be taken after a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. *Johnson v. State*, 2010 Ark. 63. Halcrombe's appeal clearly does not fall within this exception, as there is neither an allegation nor a record of any evidentiary error during sentencing.

An appeal may also be taken from the denial of a postjudgment motion to amend an incorrect or illegal sentence following a guilty plea. *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999*)*. Halcrombe's appeal, however, does not fall within this exception. First, the sentence imposed was within the statutory range and thus not incorrect or illegal on its face.[1] Second, it is questionable whether Halcrombe filed an appropriate postjudgment motion. After the misdemeanor judgment was entered, Halcrombe sent a pro se letter to the Faulkner County Clerk's office, asking to appeal "and get back in court" and asserting that he thought that "30 days in jail satisfies any misdemeanor and I feel like 30 days plus probation is a little

---

[1]At the time of his plea, Halcrombe acknowledged that the court could sentence him to up to one year in jail on the Class A misdemeanor and up to thirty days in jail on the Class C misdemeanor.

excessive." Even if we were to consider this letter to the circuit clerk's office to be a postjudgment motion, Halcrombe does not challenge the correctness or the legality of the sentence itself.

Rather, Halcrombe's sole argument on appeal is that the sentence issued by the circuit court was "excessive and imposed as a result of passion and prejudice." Halcrombe apparently reaches this conclusion because the court initially attempted to impose a sentence of sixty months' probation under a mistaken belief that the felony charge was still pending. When Halcrombe's counsel reminded the court that the felony charge had been nolle prossed, however, the court accordingly sentenced Halcrombe to twelve months' probation for the Class A misdemeanor and thirty days in the county jail for the Class C misdemeanor. Both of these sentences are within the applicable statutory range. Ark. Code Ann. § 5-4-401(b)(1) & (3) (Repl. 2013).

Halcrombe's appeal does not fit within either exception pursuant to Rule 1(a). We must therefore dismiss the appeal. *See McCarty v. State*, 2014 Ark. App. 104.

Appeal dismissed.

KINARD and HIXSON, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

SLIP OPINION