SLIP OPINION

Cite as 2017 Ark. App. 24

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–476

| | |
|---|---|
| JACKIE RENAY MATTHEWS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 18, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60CR–10–2813]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

In February 2012, Jackie Matthews pleaded guilty to aggravated assault on a family or household member and was sentenced to five years' probation. The State filed a petition for revocation on May 13, 2013, alleging that appellant had violated the conditions of her probation. Appellant subsequently pleaded guilty to the violation and was, again, placed on five years' probation. The State filed a second petition for revocation on November 22, 2013. Appellant pleaded guilty to the violation and received five years' probation, commencing on March 5, 2014. On December 15, 2014, the State filed yet another petition for revocation, alleging that appellant had violated the terms and conditions of her probation by failing to report to her probation officer and by failing to provide proof of anger-management and drug-treatment classes. Appellant pleaded guilty to the revocation, but offered testimony

during the sentencing phase. The court found that appellant had violated the terms and conditions of her probation and sentenced her to three years' imprisonment followed by two years' suspended imposition of sentence. Appellant's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*[1] and Rule 4-3(k) of the Arkansas Supreme Court and Court of Appeals, asserting that there are no nonfrivolous arguments that would support an appeal. Appellant was notified of her right to file a list of pro se points for reversal, but she has not done so. We dismiss this appeal for lack of jurisdiction and grant counsel's motion to withdraw.

Appellant is not permitted to bring an appeal from a plea of guilty or nolo contendere, except as provided by Arkansas Rule of Criminal Procedure 24.3(b).[2] Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances, but appellant did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Rule 1(a). An appeal may be taken after a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase.[3] An appeal may also be taken from the denial of a postjudgment motion to amend an incorrect or illegal sentence

---

[1]386 U.S. 738 (1967).

[2]Ark. R. App. P.–Crim. 1(a) (2015).

[3]*Johnson v. State*, 2010 Ark. 63.

2

following a guilty plea.[4]  Neither of those exceptions applies here.  Therefore, we dismiss

appellant's appeal and grant counsel's motion to withdraw.[5]

Appeal dismissed; motion to withdraw granted.

GLOVER and WHITEAKER, JJ., agree.


*William R. Simpson, Jr.*, Public Defender, Allen Jones, Rule XV Student, by:  *Margaret Egan*, Deputy Public Defender, for appellant.

No response.

---

[4]*Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999).

[5]*See Houston v. State*, 2014 Ark. App. 344.