Cite as 2024 Ark. App. 220

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-23-577

|  |  |
|---|---|
| | **Opinion Delivered** April 3, 2024 |
| DONNIE RAYMOND PARTAIN<br>APPELLANT | APPEAL FROM THE YELL<br>COUNTY CIRCUIT COURT,<br>NORTHERN DISTRICT |
| V. | [NO. 75NCR-17-96] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JERRY DON<br>RAMEY, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

The Yell County Circuit Court revoked Donnie Raymond Partain's probation, and he has appealed that decision, arguing that the circuit court erred in finding that he had inexcusably violated the terms and conditions of his probation. We affirm the revocation.

In January 2018, Partain pled guilty to failing to register as a sex offender and received a sentence of five years' probation. The conditions of his probation included requirements that he not commit a criminal offense punishable by imprisonment; not drink or possess intoxicating or alcoholic beverages; not use, sell, distribute, or possess any controlled substance; report as directed to his supervising officer; participate in any community-based programs (such as NA or AA) deemed necessary by his supervising officer; report to a day reporting center and subject himself to the programs provided therein as deemed necessary by his supervising officer; and pay all fines and fees at a rate of $50 a month.

In November 2022, the State moved to revoke Partain's probation and alleged that he had violated the terms and conditions of his probation by (1) failing to report as directed on 4 October 2022, (2) testing positive for methamphetamines on 23 September 2022, and (3) failing to report to his substance abuse class on 30 September 2022. The petition also described Partain as "a public safety hazard due to his continued disregard for his conditions of probation and his continued usage of illegal controlled substances."

The circuit court convened a revocation hearing on 9 February 2023. Officer Scott Mercer, Partain's probation officer, testified that in 2022, Partain testified positive for methamphetamine and amphetamine on April 18, May 11, June 24, July 8, August 12, and September 2. On May 24, he tested positive for methamphetamines. Partain reported to Mercer on September 23 and admitted using drugs.

Partain also failed to report as directed on May 2, May 20, May 31, June 9, July 29, and October 4. Mercer did not recall Partain's calling in or providing any explanation for these missed appointments.

On cross-examination, Mercer explained that on April 18, Partain had stated he would test positive for marijuana, but he tested positive for only methamphetamine and amphetamine. Between April and September 2022, Partain did not admit drug use and often acted "confused as to why he was there." Partain later began to admit that he was using drugs instead of taking the drug test. Mercer also said that Partain had called in "once or twice" about missing appointments and usually gave the excuse of no transportation. "Slept in" was also offered as an excuse at one time. Since the petition to revoke had been filed, Partain had been reporting and testing negative for illegal substances.

After the State rested, and the defense rested without presenting any evidence, the court found that the State had proved by a preponderance of the evidence that Partain had willfully violated the conditions of his probationary sentence. Specifically, the court found that he had violated his conditions by testing positive for a controlled substance and by not reporting as directed. The court imposed a sentence of eight years' imprisonment. Partain has timely appealed from the court's order.

In order to revoke probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2023). To sustain a revocation, the State need only show that the defendant committed one violation. *Prackett v. State*, 2014 Ark. App. 394. We will not reverse a circuit court's finding on appeal unless it is clearly against the preponderance of the evidence. *Id.* Because the preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the circuit court to decide these matters. *King v. State*, 2018 Ark. App. 278, 549 S.W.3d 407.

Partain generally argues that the State failed to prove that his violations were willful or inexcusable or that he had not made a good-faith effort to comply with the conditions of his probation. Partain alleges inconsistencies in Mercer's testimony and claims that this calls into question the validity of the officer's testimony. He also asserts that Mercer could have ordered him to participate in a substance-abuse program or imposed other sanctions, but instead, Mercer allowed him to continue to "flounder in his dependence on controlled substances." Partain also adds that his sentence of eight years' imprisonment is "harsh" and "disproportionate" to the nature of the offenses.

Once the State introduces evidence of noncompliance, the defendant bears the burden of presenting a reasonable excuse for violating the conditions of probation. *Scroggins v. State*, 2019 Ark. App. 346, 582 S.W.3d 853. Whether a good-faith effort has been made to fulfill a condition of a probationary sentence is a question of fact to be determined by the circuit court. *Ramsey v. State*, 60 Ark. App. 206, 959 S.W.2d 765 (1998).

Here, the State presented evidence that Partain tested positive for drugs and failed to report on multiple occasions. Partain did not respond with any evidence of a reasonable excuse for these violations. He suggests that his status as a drug addict and his lack of access to transportation provided a reasonable excuse for noncompliance, but that was a factual question for the circuit court to decide. *Ramsey, supra.* As to any inconsistencies in the testimony, it is within the purview of the circuit court to decide questions of credibility. *King, supra.* Finally, if a court revokes a defendant's probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2021). Partain's sentence of eight years' imprisonment is well within the sentencing range for failing to register as a sex offender, a Class C felony. *See* Ark. Code Ann. § 5-4-401(a)(4) (Supp. 2021) (sentence for a Class C felony shall be not less than three years nor more than ten years).

Affirmed.

GLADWIN and THYER, JJ., agree.

*Lynmarie S. Liberty-Ellington*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.