Cite as 2026 Ark. App. 255

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-627

| | |
|---|---|
| DYLAN NELSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 29, 2026<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR-18-1913]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Dylan Nelson appeals the Benton County Circuit Court order revoking his probation. On appeal, Nelson argues that the circuit court erred by finding that he violated a condition of his probation. We affirm.

On July 1, 2019, Nelson pled guilty to second-degree domestic battery and second-degree endangering the welfare of a minor. He was sentenced to sixty months' probation for domestic battery and twelve months' probation for endangering the welfare of a minor.

On June 5, 2024, the State petitioned to revoke Nelson's probation, and on November 19, the State filed a second amended petition. In the second amended petition, the State alleged that on May 20, Nelson committed the new offenses of second-degree domestic battery, first-degree terroristic threatening, and third-degree domestic battery. The State further alleged that Nelson possessed a controlled substance and a firearm and had not

paid probation-supervision fees totaling $180. The State also claimed that between June 10 and September 17 and between November 4 and November 9, Nelson had violated a no-contact order.

On December 12, 2024, the court held a revocation hearing. At the beginning of the hearing, the State introduced a May 23, 2024 no-contact order prohibiting Nelson from contacting his spouse, Haley Nelson, and their minor children. The State also introduced emails from a jail account purporting to show contact between Nelson and Haley in June, July, and September and a jail log showing that Haley had visited Nelson on November 5 and 6.

Officer Benjamin Taylor testified that he is an officer with the Siloam Springs Police Department and that he responded to a domestic-disturbance call at a residence on May 20, 2024. Officer Taylor explained that at the scene, he spoke with Haley's mother, Kimberly Smith, who reported that Nelson had "placed his hands around [Haley's] throat and in the process of doing that . . . had hit the infant [son] that she was holding." He stated that he then spoke with Haley, and she confirmed Smith's report. He testified that Haley additionally informed him that Nelson had "smacked" their eight-year-old daughter across the face. Officer Taylor testified that he spoke with Nelson's daughter who confirmed that Nelson had hit her. Officer Taylor stated that Nelson's daughter had a welt on her face in the shape of four fingers. The State introduced photos of Nelson's daughter's face.

Haley's mother, Smith, testified that Nelson admitted to her (Smith) that he had slapped his daughter because "she deserved it." Smith also stated that the daughter had a red mark on her face.

Michael Dealy testified that he supervised Nelson's probation and that Nelson had failed to pay supervision fees for five months and that he owed $180. On cross-examination, Dealy stated that Nelson had "reported well" and had not failed a drug test.

At the conclusion of the hearing, the court found that Nelson had violated the terms of his probation by committing second-degree domestic battery, violating the no-contact order, and failing to pay his supervision fees. On March 5, 2025, the circuit court entered findings of fact, and on March 7, the court entered an order revoking Nelson's probation and sentencing him to 120 months in the Arkansas Division of Correction. This appeal followed.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Williams v. State*, 2013 Ark. App. 422. On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id.* We must give due regard to the circuit court's superior position in determining the credibility of witnesses and weight to be given their testimony. *Id.* Only one violation is required to sustain a revocation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490.

On appeal, Nelson argues that the circuit court erred by finding that he violated a condition of his probation. He challenges all the court's findings. As to the court's finding

3

that he failed to pay his supervision fees, Nelson argues that the State failed to prove he willfully failed to pay. He points out that there was no testimony concerning his employment, and he asserts that he had reported well and had not failed a drug test.

It is the State's burden to prove that the failure to pay was inexcusable. *Alexander v. State*, 2018 Ark. App. 466, at 3, 561 S.W.3d 744, 746. Once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286. It is then the defendant's obligation to justify the failure to pay by providing evidence of a reasonable excuse for the nonpayment. *Id.* The defendant may not "sit back and rely totally upon the [circuit] court to make inquiry into his excuse for nonpayment." *Alexander*, 2018 Ark. App. 466, at 4, 561 S.W.3d at 746. The State is not required to negate every possible excuse for nonpayment in its case-in-chief. *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988). While the ultimate burden of proving inexcusable nonpayment remains on the State, if the defendant fails to demonstrate a reasonable explanation for his failure to pay, then it is difficult to find clear error in a circuit court's finding of inexcusable nonpayment. *Springs*, 2017 Ark. App. 364, 525 S.W.3d 490.

In this case, Officer Dealy testified that Nelson had not paid his supervision fee for five months and that he owed $180. After Dealy testified about Nelson's nonpayment, Nelson did not provide a justification for his failure to pay. Given these circumstances, we cannot say that the circuit court's finding that Nelson violated his probation by inexcusably failing to pay his supervision fee is clearly against the preponderance of the evidence. Because

4

the State need only prove that Nelson committed one violation, we need not address Nelson's arguments concerning the other violations. *See Springs*, 2017 Ark. App. 364, 525 S.W.3d 490.

Even so, the evidence also supports the circuit court's finding that Nelson violated his probation by committing second-degree domestic battery against his daughter. Nelson argues on appeal that the State failed to prove that his daughter sustained a physical injury or that he knowingly caused injury to her. He claims the photo of his daughter does not show markings from physical trauma, and he argues that there was inconsistent testimony concerning the circumstances surrounding her injury.

A person commits second-degree domestic battery if the person knowingly causes physical injury to a family or household member he knows to be sixty years of age or older or twelve years of age or younger. Ark. Code Ann. § 5-26-304(a)(4) (Repl. 2024). Physical injury means the impairment of physical condition, infliction of substantial pain, or infliction of bruising, swelling, or a visible mark associated with physical trauma. Ark. Code Ann. § 5-1-102(14)(a) (Repl. 2024). A person's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353.

Here, Officer Taylor testified that Haley reported that Nelson struck his eight-year-old daughter's face. Officer Taylor testified that he spoke with Nelson's daughter, and she confirmed it. He stated that the child had a welt on her face in the shape of four fingers.

5

Smith, Haley's mom, also testified that Nelson told her he had slapped his daughter because "she deserved it." As to any inconsistencies in the testimony, it is within the purview of the circuit court to decide questions of credibility. *Partain v. State*, 2024 Ark. App. 220, 687 S.W.3d 164. Moreover, the State introduced a photo of Nelson's daughter's face, which shows visible markings. Given this evidence, we cannot say that the circuit court's decision that Nelson violated his probation by committing second-degree domestic battery is clearly against the preponderance of the evidence.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.