

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-12-779

| | | |
|---|---|---|
| D.S., MINOR | | **Opinion Delivered** September 25, 2013 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. J-2011-825-D] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARK THOMPSON FRYAUF, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RITA W. GRUBER, Judge

Appellant, a minor, was adjudicated delinquent based on a finding that he committed the offenses of rape, disorderly conduct, and failure to appear. The Benton County Circuit Court placed appellant on probation and committed him to the Arkansas Department of Human Services, Division of Youth Services (DYS). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract and brief referring to everything in the record that might arguably support an appeal and a statement of reasons why none of those rulings would be a meritorious ground for appeal.[1] Appellant has filed pro

---

[1] We previously ordered rebriefing because counsel failed to include all rulings adverse to appellant in his initial brief. *D.S. v. State*, 2013 Ark. App. 141.

se points for reversal,[2] and the State has filed a brief asserting that his arguments are either barred or without merit.

We agree with the State that appellant's pro se points are not preserved for appeal or do not otherwise support reversal. For example, appellant contends that his disposition differed from the dispositions of his two codefendants, but he admits that he did not object to DYS's recommended disposition for him because he "knew [he] needed help for [his] behaviors." Moreover, unlike the dispositions of his codefendants, appellant's disposition was not only for the rape offense but also for the offenses of disorderly conduct and failure to appear. In addition, three of his points concern the credibility and competency of witnesses. The question of the competency of a witness is a matter lying within the sound discretion of the circuit court and, in the absence of clear abuse, we will not reverse on appeal. *King v. State*, 317 Ark. 293, 302, 877 S.W.2d 583, 589 (1994). The issue of competency of a witness is one in which the trial judge's evaluation is particularly important due to the opportunity he is afforded to observe the witness and the testimony. *Id*. Finally, any evaluation as to the credibility of the witness is a matter for the finder of fact. *Richey v. State*, 2013 Ark. App. 382, at 5. In this case, the court found appellant's victim credible, and its finding of guilt may rest solely on her testimony, even though she is a child. *Id*.

From our review of the record and brief presented to us, we find compliance with Rule 4–3(k) and that the appeal is wholly without merit. Accordingly, we affirm the court's

---

[2]Appellant's mother also filed pro se points. Although she was a party in the proceedings below, Ark. Code Ann. § 9-27-311 (Supp. 2011), she did not file an appeal; therefore, we will not consider her points.

SLIP OPINION

adjudication and disposition and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HIXSON and WOOD, JJ., agree.

*Ballard & Ballard, P.A.*, by: *Andrew D. Ballard*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.