

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-677

| | |
|---|---|
| ROKOSI HUMPHREY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 11, 2015<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [Nos. CR-12-262, CR-13-148]<br><br>HONORABLE BARBARA HALSEY, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

This is a no-merit appeal from two May 7, 2014 sentencing orders entered by the Mississippi County Circuit Court, revoking appellant Rokosi Humphrey's suspended impositions of sentence (SIS) in CR-2012-262 and CR-2013-148, and sentencing him to eight years and ten years, respectively, in the Arkansas Department of Correction (ADC), to be served consecutively. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Supreme Court and Court of Appeals, Humphrey's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to Humphrey, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided Humphrey with a copy of his counsel's brief and notified him of his right to file a pro se statement of points

SLIP OPINION

for reversal. Humphrey filed pro se points, and the Attorney General has filed a brief in response. We affirm the sentencing orders and grant counsel's motion to withdraw.

On May 13, 2013, Humphrey entered a guilty plea to the charge of residential burglary in Mississippi County case number CR-2012-262 and was sentenced to serve forty-eight months' incarceration in the ADC with an additional seventy-two months' SIS, subject to conditions of suspension. On July 24, 2013, Humphrey entered a guilty plea to a second charge of residential burglary in Mississippi County case number CR-2013-148 and was sentenced to 120 months' SIS, subject to conditions of suspension.

On February 21, 2014, the State filed a motion for imposition of sentence in case number CR-2013-148, alleging that on December 23, 2013, Humphrey committed residential burglary and two counts of theft of property. Also on February 21, 2014, the State filed a motion for imposition of sentence in case number CR-2012-262, alleging that on December 25, 2013, Humphrey committed residential burglary, criminal attempt to commit theft of property, criminal mischief, and possession of a firearm.

A hearing on both of the State's motions was held on May 7, 2014. Taylor Fowler testified that on the evening of December 25, 2013, she and her family had just returned home from celebrating Christmas with family when she heard glass breaking in her dining room and saw a man, whom she identified as Humphrey, trying to climb into the window. When she yelled for and ran toward her husband, who was outside in the driveway, Humphrey ran away. Her husband, Wesley Fowler, testified that he chased Humphrey but was unable to catch him.

Wesley testified that he recognized Humphrey because he had mowed the Fowlers' yard two or three years prior. Wesley also stated that Humphrey caused $2000–2500 damage to their home.

Mark Blount testified that on December 23, 2013, he returned home to find that his truck, along with other items inside his home (three TVs, a laptop, a cell phone, a shotgun, a change jar, a camera, and a bucket of pecans), had been stolen. His truck was later found and returned to him. Inside the truck, Blount found a key ring with an "R" on it. Blount said that the key ring was not his. He also found his stolen camera, and the memory card in the camera contained a photograph of a man. Blount, who did not know Humphrey, testified that the man in the photograph resembled Humphrey. Blount also testified that police officers later recovered a shotgun that he identified as his.

Katrina Evans, Humphrey's cousin, testified that she was a probation-parole officer.[1] After the break-in at Blount's house, she stated that she and several other officers conducted a search of the home in which Humphrey lived, which was owned by Evans's mother. During the search, officers found a handgun, some ammunition, and a TV. Later that day, Evans returned to her mother's home and found a shotgun in the alley behind the house. She testified that she gave the shotgun to Detective Sergeant Vanessa Stewart of the Blytheville Police Department.

Detective Stewart testified that she turned the shotgun over to Blytheville Police Department Detective Josh Long. He showed the shotgun to Blount, who stated that it was his. Long also confirmed that Blount's truck was recovered in Memphis. Blount later gave Long a key ring with an "R" on it that Blount said was found in the truck upon its return. Long said he

---

[1]Evans testified that Humphrey was not assigned to her.

tried the keys in the locks of the home in which Humphrey lived, and while they did not work on the front door, they worked on the side door.

Latryce Humphrey, Humphrey's mother, lived with him and his brother, Latron. Latryce testified that the key ring belonged to (Rokosi) Humphrey. However, she testified that when Long tried the keys in the locks of her home, they did not work on any of the doors. Shanteria Mhoon, Humphrey's cousin, testified that he spent most of December 25, 2013, with her at her apartment, which was across town from where the Fowlers lived.[2] She said that he left on foot at noon and returned at 4:00 p.m., and left again on foot around 7:00–7:30 p.m. Humphrey's brother, Latron, testified that the handgun found in the house was his.

Humphrey was the final witness to testify. He denied involvement in both the December 23 and 25 incidents. He testified that he was home alone on December 23 and with Shanteria on December 25. He denied that the handgun found in his house was his. He denied mowing the Fowlers' lawn. He claimed that it was a coincidence that the key ring had an "R" on it and that he had no idea how Blount's shotgun got to the alley behind Humphrey's house. He testified that the man in the picture on the memory card found in the stolen truck "look[ed] like me or my brother," conceding that "it could be a possibility" that it was him. He also testified that the background of the picture looked like the living room of his home.

After the hearing, the trial court revoked both of Humphrey's SIS. As for the December 23 incident, the trial court cited the picture of a man in Humphrey's living room and who Humphrey agreed resembled him from the memory card found in the stolen truck. Also, the trial

---

[2]Long testified that Mhoon's apartment was located about two blocks from where the Fowlers lived.

SLIP OPINION

court found that Blount's shotgun was found in the alley behind Humphrey's house and that the stolen truck had Humphrey's key chain in it, as identified by his mother. As for the December 25 incident, the trial court found that the Fowlers, who were credible witnesses, identified Humphrey as the intruder.

As this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, 386 U.S. at 744; Ark. Sup. Ct. R. 4-3(k)(1); *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). The test is not whether counsel thinks the trial court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919. Pursuant to *Anders*, we are required to make a determination of whether the case is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919.

In compliance with the directive in *Anders*, and Rule 4-3(k), counsel claims that he has thoroughly examined the record of this proceeding and concluded that there is no merit to an appeal in these cases. He identifies two rulings made that were adverse to Humphrey. The first is an evidentiary ruling. Humphrey's counsel objected when the State asked Blount whether the man in the photograph found on the memory card in the stolen truck resembled Humphrey. Counsel argued that it was up to the trial court to make that determination. The trial court overruled the objection.

The objection at trial was based on Rules 701[3] and 704[4] of the Arkansas Rules of Evidence. Counsel for Humphrey contends that there is no merit to an appeal of this adverse ruling because the Rules of Evidence do not apply in revocation proceedings. We agree. Ark. R. Evid. 1101(b)(3) (2013); *Ingram v. State*, 2009 Ark. App. 729, at 6, 363 S.W.3d 6, 10.

Assuming *arguendo* that the rules of evidence did apply, there is no merit to an appeal of this adverse evidentiary ruling. Whether to admit relevant evidence rests in the sound discretion of the trial court, and the standard of review is abuse of discretion. *Nooner v. State*, 322 Ark. 87, 102, 907 S.W.2d 677, 685 (1995). In the case at bar, the trial court did not abuse its discretion in permitting Blount to opine as to whether Humphrey resembled the man in the photograph on the memory card found in the stolen truck. It was nothing more than his lay opinion rationally based on his perception and it could possibly be helpful to the determination of a fact in issue—whether Humphrey was linked to the stolen truck. Ark. R. Evid. 701. Such opinion testimony is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact. Ark. R. Evid. 704. Furthermore, there was no prejudice. Humphrey conceded that the man in the picture looked like him, and he agreed that his living room was in the picture.

---

[3]Arkansas Rule of Evidence 701 (2013) provides that:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are
> (1) Rationally based on the perception of the witness; and
> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

[4]Arkansas Rule of Evidence 704 (2013) provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

SLIP OPINION

Also, the photograph was admitted into evidence without objection; thus, the trial court would have considered the photograph to determine whether it was Humphrey. Therefore, we hold that the trial court did not abuse its discretion in overruling Humphrey's objection, and there is no basis for a meritorious appeal on this issue.

The second adverse ruling was the revocation decision. Humphrey's counsel contends that sufficient evidence supports the revocation decision in both cases. SIS may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of SIS. *Vail v. State*, 2014 Ark. App. 407, at 2, 438 S.W.3d 286, 288. On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id.*, 438 S.W.3d at 288. We must give due regard to the trial court's superior position in determining the credibility of witnesses and weight to be given their testimony. *Id.*, 438 S.W.3d at 288.

Humphrey's conditions of SIS required that he "must not commit a criminal offense punishable by imprisonment." A preponderance of the evidence supports the trial court's findings that Humphrey committed criminal offenses punishable by imprisonment on December 23 and 25. Humphrey's key chain and a memory card—with a picture of a man that he conceded resembled him in his living room—were found in Blount's stolen truck. Also, Blount's shotgun was found in the alley behind Humphrey's house. Evidence also demonstrated that the Fowlers, who were credible witnesses, identified Humphrey as the intruder in their home on December 25. Therefore, we hold that the trial court's revocation decisions were not clearly against the preponderance of the evidence and that there is no basis for an appeal of the sentencing orders.

For reversal, Humphrey's pro se points challenge the credibility of the Fowlers, Blount, Stewart, and Long, contending that they provided inconsistent testimony.[5] He claims that Evans planted the shotgun in the alley and that his fingerprints were not found on the shotgun.[6] He points out that he testified at the hearing that he did not have anything to do with either the December 23 or the December 25 incident, but the trial court "never took anything I said . . . into consideration." He contends that the "judge, prosecutor, and my public defender had their minds made up that I was guilty before the hearing began." These arguments are issues of fact or credibility. This court does not make factual determinations, and credibility issues are left within the sound discretion of the trial judge. *Sherril v. State*, 2014 Ark. App. 411, at 4, 439 S.W.3d 76, 79; *D.S. v. State*, 2013 Ark. App. 528, at 2.

In sum, we hold that counsel has discussed possible appeal issues and explained why none have merit. From our review of the record and the brief presented to us, we hold that counsel complied with Rule 4-3(k). Accordingly, we grant counsel's motion to be relieved and affirm the sentencing orders revoking Humphrey's SIS.

> Affirmed; motion to withdraw granted.
> HARRISON and WHITEAKER, JJ., agree.
> *John H. Bradley*, Chief Public Defender, for appellant.
> *Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

---

[5]Humphrey argues that the Fowlers' hearing testimony contradicted the statements they gave the police immediately following the incident. The statements, however, were not introduced into evidence at the revocation hearing and are not part of the record on appeal.

[6]Humphrey also argues in his pro se points that his brother testified that the handgun found in their house was his—not Humphrey's. This argument is irrelevant because the trial court specifically stated that it was not basing its revocation decisions on that finding.