SLIP OPINION

# ARKANSAS COURT OF APPEALS

## DIVISION II
### No. CR–16–1091

| | |
|---|---|
| KEITHRICK THOMPSON<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** June 21, 2017<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NOS. 46CR–13–362 & 46CR–14–186]<br><br>HONORABLE BRENT HALTOM, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**N. MARK KLAPPENBACH, Judge**

Keithrick Thompson appeals from two orders of the Miller County Circuit Court revoking his probation in two cases and sentencing him to a term of imprisonment and suspended imposition of sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k), appellant's counsel has filed a no-merit brief and a motion to withdraw as counsel, asserting that there is no nonfrivolous argument to be made in support of an appeal. Appellant has filed pro se points for reversal, and the State has filed a responsive brief.

In July 2015, appellant pleaded guilty in separate cases to attempted residential burglary and theft of property. He was sentenced to five years of probation in each case. The State filed petitions to revoke in March 2016, alleging that appellant had committed several violations of the conditions of his probation. After a revocation hearing in August

SLIP OPINION

2016, the trial court revoked appellant's probation in both cases, specifically noting appellant's admission that he had failed to report as directed.

As counsel notes, the sole adverse ruling at the hearing was the decision to revoke. Pursuant to Arkansas Code Annotated section 16-93-308(d) (Repl. 2016), the burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of the probation. We will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and we defer to the credibility determinations made by the trial court. *Peel v. State*, 2015 Ark. App. 226.

Appellant's probation officer testified that appellant missed appointments in August, October, and November 2015, and he failed to report at all after December 2015. Appellant testified that he did not report from December 2015 through April 2016 because his mother was in and out of the hospital, and he did not want to be incarcerated for his prior violations and kept away from her. Counsel has adequately explained why the revocation decision is not clearly erroneous and why there is no issue of arguable merit for appeal.

In his pro se statement of points for reversal, appellant first argues that he received ineffective assistance of counsel. This claim was not presented below, and it cannot be addressed for the first time on appeal. *See Nichols v. State*, 69 Ark. App. 212, 11 S.W.3d 19 (2000). Appellant next argues that the testimony of his probation officer concerning his failure to report was not supported by documentary evidence. The trial court, however,

2

found that the probation officer credibly testified and that appellant himself admitted that he had quit reporting. We give due regard to the trial court's superior position in determining the credibility of witnesses and weight to be given their testimony. *Humphrey v. State*, 2015 Ark. App. 179, 458 S.W.3d 265. Appellant's remaining two arguments concern the evidence that he failed a drug test and failed to pay probation fees. Because we are affirming the revocation based on appellant's failure to report, these arguments present no grounds for reversal.

From our review of the record and the brief presented to us, we find compliance with Rule 4–3(k) and that the appeal is wholly without merit. Accordingly, we affirm the revocation orders and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VAUGHT and BROWN, JJ., agree.

*Phillip A. McGough, P.C.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

SLIP OPINION