Cite as 2022 Ark. App. 359

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-21-427

| | | |
|---|---|---|
| ROBERT JEFFRIES | | Opinion Delivered September 28, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-09-516] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRADLEY KARREN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

Robert Jeffries pleaded guilty in 2011 to two counts of delivery of a controlled substance (methamphetamine) and one count of possession of a controlled substance with intent to deliver, both Class Y felonies; and one count of possession of drug paraphernalia, a Class C felony. The Benton County Circuit Court sentenced Jeffries to 180 months' suspended imposition of sentence (SIS) for the Class Y felonies and 120 months' SIS on the Class C felony, to run concurrently. Jeffries's counsel previously filed a motion to be relieved and a brief stating that his appeal had no merit. In our June 1, 2022 opinion we ordered rebriefing because counsel did not fully brief the rulings that were adverse to his client. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(j), counsel has filed his second motion to be relieved along with a brief stating that there

is no merit to this appeal. We find that his second effort adequately addresses the adverse rulings. Jeffries was notified of his right to file pro se points for reversal, but he has not filed any such points. We affirm the revocation and grant counsel's motion to withdraw.

In December 2017, the State filed a petition to revoke Jeffries's probation and subsequently filed an amended petition for revocation in July 2019. In the amended petition, the State alleged that Jeffries had violated the terms of his probation by failing to pay fines, fees, and costs; and committing the new offenses of first-degree forgery, two counts of possession of a controlled substance, two counts of possession of drug paraphernalia, and possession with intent to deliver methamphetamine or cocaine. The revocation hearing took place in October 2020. At the outset of the hearing, the State moved to strike three of the grounds for revocation: one count of possession of drug paraphernalia, one count of possession of a controlled substance, and possession with intent to deliver. The State presented the payment ledger supporting its allegation of nonpayment of fines, fees, and costs, and the Faulkner County Circuit Court sentencing order setting forth Jeffries's conviction for possession of a controlled substance and possession of drug paraphernalia. Jeffries testified during the sentencing portion of the hearing, offering mitigating evidence. Following the hearing, the court revoked Jeffries's probation and sentenced him 120 months' imprisonment in the Arkansas Department of Correction (ADC), followed by an additional 180 months' SIS. This no-merit appeal followed.

On appeal of a revocation, we review whether the circuit court's findings are clearly against the preponderance of the evidence. *Richard v. State*, 2018 Ark. App. 362, at 2, 553

2

S.W.3d 783, 784. To revoke a suspended sentence, the State has the burden of proving by a preponderance of the evidence that a condition of the suspended sentence was violated. *Id.* Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id.* Proof of just one violation of the terms and conditions of release is sufficient to support revocation. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004).

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing. *Sartin v. State*, 2010 Ark. 16, at 8, 362 S.W.3d 877, 882. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, at 3, 534 S.W.3d 160, 162.

The record demonstrates that counsel abstracted and addressed the sufficiency of the evidence supporting the circuit court's decision to revoke Jeffries's probation. Jeffries's probation was conditioned on payment of fines, fees, and costs; and the evidence—the payment ledger—showed that Jeffries had failed to comply with this condition. When the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Springs v. State*, 2017 Ark. App. 364, at 4, 525 S.W.3d 490, 493. Jeffries did not object to the admission of the ledger, deny the allegation of nonpayment, or explain

3

during the guilt phase why he was unable to pay. Accordingly, there was sufficient evidence for the circuit court to find by a preponderance of the evidence that Jeffries had violated a condition of his suspended sentence.

Counsel also adequately explained that the four adverse rulings were not meritorious grounds for reversal. We first address the circuit court's denial of Jeffries's motion to quash a charge of failure to appear. The court ruled that when the warrant was served, it would then consider the information in the motion to quash and/or have an immediate hearing. The failure to appear was not a part of any further pleadings and was not a ground for revoking Jeffries's probation; thus, to the extent it is preserved, this adverse ruling does not provide a basis for reversal. *See Humphrey v. State*, 2015 Ark. App. 179, 458 S.W.3d 265.

The court denied Jeffries's request for an extension of his suspended sentence rather than revocation. No error occurred during sentencing because the circuit court was not required to grant Jeffries's request for alternative sanctions. If a court revokes a probation, it may enter a judgment of conviction and impose any sentence that might have been imposed originally for the offense. Ark. Code Ann. § 16-93-308(g) (Supp. 2021). Here, the sentences imposed by the circuit court were within the allowable sentencing range for the offenses, and there could be no meritorious challenge to these sentences.

To the extent that the next two arguments are preserved for appeal, we hold they do not provide a basis for reversal. While awaiting his revocation hearing, Jeffries requested a continuance to allow him to attend drug rehabilitation. The court did not rule on his request, and the hearing proceeded. A circuit court's decision to grant or deny a continuance

4

will not be reversed absent an abuse of discretion amounting to a denial of justice. *Dye v. State*, 2019 Ark. App. 234, at 4, 576 S.W.3d 73, 75. We agree with counsel that the circuit court did not abuse its discretion in not granting Jeffries's request.

At the end of the sentencing hearing, Jeffries verbally requested a final visit with his children, which the court did not address. The denial of Jeffries's request for a final visit is not germane to whether the circuit court erred in revoking his suspended sentence and presents no meritorious basis for an appeal. *See Rocha v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 454, 637 S.W.3d 299. We affirm and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Michael L. Yarbrough*, for appellant.

One brief only.

5