

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-27

| | |
|---|---|
| TAMARA DAWSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** November 16, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[NO. 60CR-10-880]<br><br>HONORABLE MARY SPENCER MCGOWAN, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's revocation of her probation for which she was sentenced to three years' probation. On appeal, appellant argues that the circuit court erred in denying her motion to dismiss appellee's probation-revocation petition because appellee failed to introduce a judgment establishing that appellant was on probation during the probation-revocation hearing. We affirm.

Appellee filed a felony information against appellant in case number 60CR-10-880 on March 19, 2010, alleging one count of possession of a controlled substance with intent to deliver (methamphetamine), a Class Y felony, committed on or about January 27, 2010. Appellant filed a motion to transfer her case to post-adjudication court—also known as "drug court"—on September 1, 2010; her case was transferred the same day. Appellant then

entered a guilty plea on September 30, 2010.[1] She was sentenced to 36 months' probation in addition to a $500 fine plus court costs. [2] A sentencing order reflecting the same was entered on November 18, 2010.

Appellee filed a petition for revocation on April 27, 2012, alleging that appellant had violated the terms of her probation by missing one drug screen on March 6, 2012. Appellant entered a plea of guilty to the probation-revocation petition on June 14, 2012, which the circuit court accepted. She was sentenced to 36 months' probation plus fees and court costs. A sentencing order reflecting the same was entered on September 4, 2012.

Appellee filed a petition for revocation on May 23, 2013, alleging that appellant had violated the terms of her probation by missing fifteen group meetings; one counselor appointment; having not seen her probation officer since February 21, 2013; and missing 27 drug screens. Appellant entered a plea of guilty to the probation-revocation petition on September 23, 2013, which the circuit court accepted.[3] Appellee filed an amended petition for revocation on October 1, 2013, adding the allegations that appellant had been arrested and convicted for driving on a suspended or revoked driver's license and having no child safety restraint. Appellant entered a subsequent plea of guilty on June 5, 2014.[4] Appellee filed a second amended petition for revocation on October 1, 2013, adding the allegation

---

[1] Appellant's plea statement was filed on the same date.

[2] Appellant's fine was suspended.

[3] Appellant's plea statement was filed on September 25, 2013.

[4] Appellant's plea statement was filed on June 6, 2014.

that appellant had been arrested by the Saline County Sheriff's Office on September 16, 2014, for failure to pay a warrant and failure to appear in the ninth division circuit court on September 24, 2014.

A hearing was held on June 4, 2015. At the close of evidence, appellant's counsel did not argue that appellee had failed to prove she had violated the conditions of her probation. Instead, her counsel moved for dismissal, arguing that appellee had failed to show proof that appellant was on probation. The circuit court chose not to rule on the motion at that time, requesting briefs on the issue. The circuit court then entered an order denying appellant's motion to dismiss on July 7, 2015. It relied on *Scroggins v. State*,[5] in which the issue was whether the State had met its burden of proof that a defendant had violated his terms and conditions of his probation where the State did not introduce the terms and conditions into evidence. It noted that this court found in *Scroggins* that where the terms and conditions of probation were a part of the record before the circuit court at the hearing, "the fact they were not formally introduced into evidence by the State does not constitute, in and of itself, a failure of proof."[6] Appellant was sentenced to 36 months' probation plus court costs and fees, which was reflected in a sentencing order entered September 23, 2015. This timely appeal followed.

In probation-revocation proceedings, the State has the burden of proving that an appellant violated the terms of his probation, as alleged in the revocation petition, by a

---

[5] 2012 Ark. App. 87, 389 S.W.3d 40.

[6] *Scroggins v. State*, 2012 Ark. App. 87, at 7, 389 S.W.3d 40, 44.

preponderance of the evidence, and this court will not reverse the trial court's decision to revoke probation unless it is clearly against the preponderance of the evidence.[7] The State need only show that the appellant committed one violation in order to sustain a revocation.[8]

We do not reach the merits of appellant's argument. Appellant's counsel's argument before the circuit court, in its entirety, was "I move for dismissal, just stating that—the failure of the State to offer required proof of conviction showing that Mrs. Dawson was found guilty or pled guilty to this particular charge, your Honor." Appellant now argues on appeal that the circuit court erred in denying her motion to dismiss because it erred in taking judicial notice of appellant's underlying conviction under the Arkansas Rules of Evidence because, the argument goes, those rules do not apply to probation-revocation proceedings. Appellant has clearly changed her argument before this court. A party cannot change her grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial.[9] Because appellant makes no other argument, we affirm.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Haylie Lott*, Deputy Pub. Def., by: *Clint Miller*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

---

[7] *Jones v. State*, 2012 Ark. App. 69, at 4, 388 S.W.3d 503, 506 (citing *Amos v. State*, 2011 Ark. App. 638; Maxwell v. State, 2009 Ark. App. 533, 336 S.W.3d 881).

[8] *Id.*, 2012 Ark. App. 69, at 4–5, 388 S.W.3d at 506.

[9] *Rodgers v. State*, 360 Ark. 24, 30–31, 199 S.W.3d 625, 629 (2004) (citing *Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004)); *see also Myers v. McCall*, 2009 Ark. App. 541, at 3, 334 S.W.3d 878, 880).