RAYMOND R. ABRAMSON, Judge
Traevaughn Richard appeals the Miller County Circuit Court order revoking his probation. Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Richard's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The clerk mailed a certified copy of counsel's motion and brief to Richard, informing him of his right to file pro se points for reversal. Richard has failed to file any points for reversal. We affirm and grant counsel's motion to withdraw.
On April 12, 2016, Richard pled guilty to possession of a controlled substance, and he was sentenced to sixty months' probation. The terms and conditions of his probation included that he not commit a criminal offense punishable by imprisonment; not use, sell, distribute, or possess any controlled substance; pay fines, fees, and court costs; and report as directed to a supervising officer.
On October 16, 2017, the State filed a petition for revocation of Richard's probation. In the petition, the State alleged that Richard had committed an offense against the law of this, or any other State, or the United States; had failed to report to his supervising officer as directed; had failed to pay court-ordered financial obligations; and had failed to pay the probation-supervision fee.
The court held a revocation hearing on January 2, 2018. Following the hearing, the court entered findings of fact wherein it found that Richard had violated the terms and conditions of his probation by committing a criminal offense punishable by imprisonment, possessing a controlled substance, and failing to report as ordered. The circuit court sentenced him to 120 months' imprisonment in the Arkansas Department of Correction. The court fined him an additional $150 in court costs, a public-defender-user fee of $100, and a booking fee of $200.
On appeal, we review probation-revocation orders to determine whether the circuit court's findings are clearly against the preponderance of the evidence. Jones v. State , 2013 Ark. App. 466, 2013 WL 4766701. To revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. Id. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. Joiner v. State , 2012 Ark. App. 380, 2012 WL 2129351. Proof of just one violation of the terms and conditions of release is sufficient to support revocation. Id.
Richard's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw on the ground that the appeal is *785 wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Id.
In this case, counsel correctly notes that the only adverse rulings were the court's denial of Richard's directed-verdict motion and the revocation of Richard's probation. Counsel provides sound analysis establishing that the circuit court was correct in its ruling that there was sufficient evidence to find that Richard had violated the terms and conditions of his probation. We agree-the circuit court heard sufficient evidence to find by a preponderance of the evidence that Richard had violated his probation by committing a criminal offense punishable by imprisonment and failing to report as ordered. Specifically, Charnell Houff, Richard's supervising officer, testified that on July 6, 2017, Richard was arrested for domestic battery and was convicted on December 21, 2017. Houff further testified that Richard had failed to report to her as directed from July 2017 through September 2017.
In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. Williams v. State , 2013 Ark. App. 323, 2013 WL 2112203. In this case, we find compliance with Rule 4-3(k)(1) and Anders and hold that there is no merit to this appeal.
Affirmed; motion to withdraw granted.
Virden and Hixson, JJ., agree.