Cite as 2019 Ark. App. 420

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–18–763

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** September 25, 2019 |
| WILLIAM PETTIGREW | APPELLANT | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCR–17–89] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JERRY DON RAMEY, JUDGE |
| | | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

## MIKE MURPHY, Judge

Appellant William Pettigrew appeals the circuit court's revocation of his probation. His counsel has filed a no-merit brief and a motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), stating that there are no meritorious grounds to support an appeal. No pro se points were filed. We affirm and grant counsel's motion to be relieved.

Pettigrew pleaded guilty in 2017 to the crime of possession of drug paraphernalia and received a sentence of thirty-six months' probation. The State filed a petition to revoke Pettigrew's probation in January 2018, alleging that Pettigrew had absconded and not paid toward his fines, fees, or court costs in violation of his probation terms.

At the hearing on his probation revocation, Pettigrew testified that he had not reported to his probation officer and that he had not paid toward any fines or costs. He

asked the court to reinstate his probation or let him enroll in the drug-court program. The court found that Pettigrew had failed to report or make any payments, and revoked Pettigrew's probation and sentenced him to seventy-two months in the Arkansas Department of Correction.

Pursuant to *Anders*, and Rule 4-3(k), Pettigrew's attorney has filed a no-merit brief, along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. This is the second no-merit brief filed in this appeal; we previously sent this case back for rebriefing because counsel failed to brief Pettigrew's request for reinstatement of his probation or for drug court.

Counsel has now submitted a complying brief explaining why there is nothing in the record that would arguably support an appeal. It is accompanied by a motion to withdraw. The clerk of this court has attempted to provide Pettigrew with a copy of his counsel's brief in order to notify him of his right to file a pro se list of points on appeal within thirty days. The clerk has made reasonable attempts to locate the appellant but has been unable to do so.

In probation-revocation proceedings, the State has the burden of proving that a probationer violated the terms of his probation, as alleged in the revocation petition, by a preponderance of the evidence, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Dawson v. State*, 2016 Ark. App. 558. The State need only show that the appellant committed one violation in order to sustain a revocation. *Id.* Given that Pettigrew admitted violating the terms and

conditions of his probation, a preponderance of the evidence supports the revocation of his probation.

Nor could a meritorious argument be made that the circuit court abused its discretion in not reinstating Pettigrew's probation or placing him in the drug-court program, especially considering that Pettigrew demonstrated a history of an inability to comply with reporting requirements. Pettigrew was sentenced within the statutory range of punishment.

From our review of the record and the brief presented to us, we find compliance with *Anders* and Rule 4–3(k) and hold that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the revocation of Pettigrew's probation.

Affirmed; motion to be relieved granted.

GRUBER, C.J., and HARRISON, J., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.