Cite as 2020 Ark. App. 324

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-479

| | | |
|---|---|---|
| ROBERT EUGENE DYAS | | **Opinion Delivered:** June 3, 2020 |
| | APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-16-41] |
| V. | | HONORABLE EDDY EASLEY, JUDGE |
| STATE OF ARKANSAS | | SUPPLEMENTAL ADDENDUM ORDERED; MOTION TO WITHDRAW DENIED |
| | APPELLEE | |

## RAYMOND R. ABRAMSON, Judge

On February 4, 2019, Robert Eugene Dyas was sentenced by the Grant County Circuit Court to one year in the Arkansas Community Correction (ACC) with an additional five years' probation after the court revoked his probation imposed for possession of methamphetamine with purpose to deliver, a Class B felony. Because Dyas was not eligible to serve his sentence in the ACC due to his medical condition of osteomyelitis, the circuit court held a hearing on February 19 and resentenced Dyas to ten years' imprisonment in the Arkansas Department of Correction.

Dyas filed a timely notice of appeal, and his counsel filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals.[1] Counsel asserts that there is no issue

---

[1]Appellate counsel fails to cite *Anders*, *supra*, and Rule 4–3(k) in her motion to be relieved and incorrectly cites Rule 4–3(k) as Rule 4–3(j) throughout her appellate brief. It is imperative that appellate counsel follow the appropriate procedure when filing motions to withdraw as counsel. *See Brown v. State*, 85 Ark. App. 382, 392, 155 S.W.3d 22, 28 (2004). It would be the better practice to include those citations in the motion, and we urge counsel to pay closer attention to our Rules before filing no-merit appeals.

of arguable merit for an appeal. We deny counsel's motion to withdraw and order supplementation of the addendum.

Arkansas Supreme Court Rule 4-2(a)(8) requires that the addendum to appellant's brief include all documents that are essential for the appellate court to understand the case and to decide the issues on appeal. *See also* Ark. Sup. Ct. R. 4-3(k)(1) ("The abstract and addendum of the brief shall contain, *in addition to the other material parts of the record*, all rulings adverse to the defendant made by the circuit court." (Emphasis added.)). Dyas's addendum does not contain his written conditions of probation, which is essential to our review of this case and his counsel's argument that the circuit court did not err in finding that Dyas violated a condition. *See Baney v. State*, 2016 Ark. App. 405.

We note that the addendum also does not contain the original information or the judgment placing Dyas on probation, but we emphasize that the deficiencies listed herein are not meant to be an exhaustive list. Accordingly, we encourage counsel to review our rules and ensure that there are no other deficiencies in the record or brief, and we order appellant to file a supplemental addendum within seven calendar days of this opinion's date. Ark. Sup. Ct. R. 4-2(b)(4).

Supplemental addendum ordered; motion to withdraw denied.

VIRDEN and SWITZER, JJ., agree.

*Laura Avery*, for appellant.

One brief only.

2