Cite as 2020 Ark. App. 487

# ARKANSAS COURT OF APPEALS

## DIVISION III

**No.** CR–19–497

|  |  |  |
|---|---|---|
| TAUTIANA PORTER | | **Opinion Delivered:** October 21, 2020 |
| | APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-16-80] |
| V. | | |
| | | HONORABLE BLAKE BATSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Appellant Tautiana Porter appeals from the Clark County Circuit Court's revocation of her probation. Appellant's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4–3(k), stating there are no meritorious grounds to support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal; she has declined to do so. We previously ordered rebriefing of counsel's no-merit appeal due to briefing deficiencies.[2] Because the deficiencies have now been cured

---

[1]386 U.S. 738 (1967).

[2]*See Porter v. State*, 2020 Ark. App. 343.

and the appeal is wholly without merit, we affirm the revocation of appellant's probation and grant counsel's motion to withdraw.

On September 5, 2017, appellant pleaded guilty to the following offenses: engaging in continuing gang organization or enterprise in the second degree; fleeing; and eight counts of theft of property. As a result of her guilty plea, appellant received a sentence of ten years' probation, the conditions of which were signed by appellant.

The State filed a petition to revoke appellant's probation on December 14, 2017, alleging that she had violated the following five conditions of her probation: commission of new criminal offenses; failure to abstain from possession of controlled substances; failure to abstain from association with convicted felons; failure to pay fines, court costs, and/or restitution; and failure to complete community-service hours as ordered. Following a revocation hearing, the circuit court found that the State proved by a preponderance of the evidence that appellant had violated her probation conditions. In an order entered on February 15, 2019, appellant was sentenced to serve a total of forty years' incarceration with an additional thirty-five years' suspended imposition of sentence. This timely appeal followed.

At the revocation hearing, Jamie Vandiver, a probation officer at Arkansas Community Corrections, testified to discussing the conditions of probation with appellant. A copy of appellant's signed conditions of probation was then admitted into evidence without objection. Officer Vandiver further testified that appellant violated the conditions of her probation by committing new criminal offenses for which she was convicted: associating with convicted felons, failing to pay fines, costs, and restitution as ordered, and

failing to complete community-service hours. A sentencing order dated October 9, 2018, reflecting an offense date of November 20, 2017, was entered into evidence. The sentencing order reflects that, while on probation, appellant entered negotiated pleas of guilty to breaking or entering, theft of property (two counts), and fraudulent use of a credit card.

In probation-revocation proceedings, the State has the burden of proving that a probationer violated the terms of his or her probation, as alleged in the revocation petition, by a preponderance of the evidence, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence.[3] The State need only show that the appellant committed one violation in order to sustain a revocation.[4] Here, given that appellant was convicted of committing multiple new criminal offenses while on probation, which is in clear violation of the terms and conditions of her probation, a preponderance of the evidence supports the revocation of her probation.

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each is not a meritorious ground for reversal.[5] The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an

---

[3]*Dawson v. State*, 2016 Ark. App. 558.

[4]*Id.*

[5]Ark. Sup. Ct. R. 4–3(k)(1).

explanation as to why each adverse ruling is not a meritorious ground for reversal.[6]  In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous.[7]  Pursuant to *Anders*,[8] we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings.[9]

In compliance with the directives of *Anders*,[10] in this no-merit brief, in addition to the preponderance of the evidence supporting the revocation itself, counsel also addressed two issues purporting to be adverse rulings that provide no meritorious grounds for reversal: waiver of the circuit court judge's disqualification from presiding over the revocation hearing and appellant's request for a more lenient sentence.

While not necessarily an adverse ruling to appellant, out of an abundance of caution, counsel detailed the steps the judge took in disclosing that he had been the prosecuting attorney when the underlying conviction originated and therefore was disqualified from presiding over the revocation hearing unless appellant elected to waive the conflict of interest.  The judge then left the room and allowed appellant to confer with her counsel out of his presence; when he returned, appellant stated her decision to waive the

---

[6]*Id.*

[7]*Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787.

[8]*Supra.*

[9]*T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

[10]*Supra.*

disqualification. The record supports counsel's account that the circuit court strictly complied with the procedure outlined in Rule 2.11 of the Arkansas Rules of Judicial Conduct.

Counsel also addressed appellant's request made during the sentencing phase of the revocation hearing that the court give her "one more chance" or that the court sentence her to fifteen years' incarceration as opposed to the maximum range of incarceration to which her convictions exposed her. In revoking appellant's probation and sentencing her to forty years' incarceration with an additional thirty-five years suspended, the circuit court denied her request for another chance or to be given a lighter sentence. Counsel has adequately explained that because appellant was sentenced within the statutory range, there is no meritorious argument to be made.

After carefully examining the record and the brief presented to us, we hold that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in criminal cases and conclude that the appeal is wholly without merit.

Affirmed; motion to withdraw granted.

ABRAMSON and SWITZER, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

One brief only.