Cite as 2020 Ark. App. 499

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR–19–885

| | |
|---|---|
| JOSHUA CHAPELLE JOYCE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** October 28, 2020<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-15-893]<br><br>HONORABLE DAN RITCHEY, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**MIKE MURPHY, Judge**

On April 12, 2017, the appellant, Joshua Joyce, pleaded guilty to felon in possession of a firearm, a Class B felony, and was sentenced to six years of supervised probation. On April 30, 2019, the State filed a petition to revoke Joyce's probation alleging Joyce had violated the terms and conditions of his probation.

A revocation hearing was held on August 19, 2019. At that hearing, the court heard, among other things, testimony that on March 28, 2019, Joyce was arrested with twenty ecstasy pills on his person and that Joyce, at arrest, stated the drugs were his. Joyce's probation officer testified that Joyce had tested positive for and admitted using ecstasy. His most recent positive test was on August 5, 2019. One of the conditions of Joyce's probation was that he live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal laws. Another condition was that he not use or possess any illegal drug or controlled substance. At the conclusion of the hearing, Joyce's probation was revoked.

In this no-merit appeal, Joyce's appellate attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k)(1) (2019), seeking to withdraw as counsel on the basis that there is no merit to an appeal. We affirm the ruling and grant counsel's motion to withdraw.

The clerk of this court mailed to Joyce a packet containing a copy of his counsel's brief and notice of his right to file pro se points. The packet was returned to the clerk's office marked "vacant, unable to forward." The clerk's office contacted Joyce's counsel and parole officer, but no additional contact information for Joyce was available.

We review probation-revocation orders to determine whether the circuit court's findings are clearly against the preponderance of the evidence. *Richard v. State*, 2018 Ark. App. 362, at 2, 553 S.W.3d 783, 784. To revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. *Id*. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id*. Proof of just one violation of the terms and conditions of release is sufficient to support revocation. *Id*.

Joyce's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*.

In this case, counsel correctly notes that the only adverse rulings were the court's denial of Joyce's directed-verdict motion, the revocation of Joyce's probation, one objection to the witness testifying about something he saw, and Joyce's request for alternative sanctions.

Counsel provides sound analysis establishing that the circuit court was correct in its ruling that there was sufficient evidence to find that Joyce had violated the terms and conditions of his probation. We agree—the circuit court heard sufficient evidence to find by a preponderance of the evidence that Joyce had violated his probation by using and possessing illegal drugs. Likewise, the objection to the witness testifying about something he saw was correctly overruled because Arkansas Rule of Evidence 602 allows a witness to testify about matters of which the witness has personal knowledge. Finally, we agree that the lower court had discretion in sentencing the appellant as it did, and it exercised that discretion thoughtfully here.

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323. In this case, we find compliance with Rule 4–3(k)(1) and *Anders* and hold that there is no merit to this appeal.

Affirmed; motion to withdraw granted.

GLADWIN and HIXSON, JJ., agree.

*S. Butler Bernard*, for appellant.

One brief only.

3