Cite as 2020 Ark. App. 538

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-19-479

| | |
|---|---|
| ROBERT EUGENE DYAS<br>　　　　　　　　APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>　　　　　　　　APPELLEE | **Opinion Delivered:** December 2, 2020<br><br>APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-16-41]<br><br>HONORABLE EDDY EASLEY, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

Robert Eugene Dyas appeals from the Grant County Circuit Court's revocation of his probation. Dyas's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals, stating that there are no meritorious grounds to support an appeal. The clerk of our court notified Dyas by certified mail of his counsel's motion and brief. Dyas was also informed of his right to file pro se points for reversal within thirty days, which he has done, and the State has filed a response.

Our court previously ordered a supplemental addendum and denied counsel's motion to withdraw due to briefing deficiencies. *See Dyas v. State*, 2020 Ark. App. 324. Because the deficiencies have now been cured and the appeal is wholly without merit, we affirm the revocation of Dyas's probation and grant counsel's motion to withdraw.

On April 15, 2016, Dyas was charged with possession of methamphetamine with purpose to deliver and possession of drug paraphernalia. Pursuant to a negotiated plea, Dyas's possession of drug paraphernalia charge was nolle prossed, and he pled guilty to possession of methamphetamine with purpose to deliver. He was sentenced on August 11, 2016, to eight years' probation.

On September 27, 2016, the State filed a petition to revoke Dyas's probation alleging he had violated five terms of his probation. An amended report of probation violations was filed by probation officer Kerri McBroome on October 10, 2017. A second amended report of probation violations was filed on December 4, 2017. McBroome filed a third amended report of probation violations on January 24, 2019.

The circuit court held a hearing on February 4, 2019, and after finding that Dyas had violated his probation conditions, sentenced him to one year in the Arkansas Community Correction (ACC) "drug program." After it was established that Dyas could not serve his sentence in the ACC due to his medical condition of osteomyelitis, the circuit court resentenced Dyas to ten years' imprisonment in the Arkansas Department of Correction (ADC) on February 19, 2019.

McBroome testified before the circuit court that Dyas had violated probation by failing to report to the probation office, possessing ammunition, testing positive for controlled substances, committing new offenses, failing to pay fines and costs, not completing substance-abuse treatment, and failing to provide proof of a disability. McBroome also testified that Dyas was facing charges in Jefferson County for possession of a controlled substance—methamphetamine or cocaine—and possession of drug

paraphernalia. She also testified that Dyas was charged with misdemeanor driving with a suspended license and was ordered to pay fines in Grant County.

McBroome further testified that Dyas had tested positive for methamphetamine, amphetamine, marijuana, and opiates during an office visit on October 18, 2018. During a phone conversation on November 28, 2018, Dyas admitted that he had used methamphetamine three days prior. A search was conducted of Dyas's belongings during his December 3, 2018 office visit, and his bag contained thirty-one live .22 caliber bullets.

Dyas was originally placed on probation on August 9, 2016, and scheduled for an intake appointment on August 12 and a regular office visit on August 19. Dyas attended his intake appointment but failed to attend his August 19 meeting, and he absconded until October 2018. Specifically, Dyas failed to report to his probation officer following an attempted home visit on October 7, 2017, and he also failed to report following his release from the Sheridan Detention Center on October 29, 2017. McBroome continued to testify about numerous other visits that Dyas missed. Altogether, although required to report monthly, Dyas had attended only four meetings with his probation officer over the span of three years.

In addition to all the missed meetings, Dyas was $2,535 behind on his payments toward fines, and he owed $35 for supervision fees at the time of the hearing. He had not provided proof that he had completed a substance-abuse program. McBroome further testified on cross-examination that she was aware of Dyas's significant health issues and that they are legitimate but that Dyas had not provided proof of his disability benefits.

Dyas testified on his own behalf that he had undergone three surgeries involving a partial foot amputation. He stated that he was diagnosed with osteomyelitis, was still facing difficulties, and would find out subsequent to the hearing whether he would need an above-the-knee amputation. He stated that he did not report because of transportation issues.

The circuit court found by a preponderance of the evidence that Dyas had violated the conditions of his probation, noting Dyas's continued use of methamphetamine. The circuit court ultimately found that Dyas had not "cooperated at all with [his] probation." Specifically, the court found that he had violated other laws, possessed ammunition, failed to report, failed to pay his fines, and tested positive for illegal substances.

We review probation-revocation orders to determine whether the circuit court's findings are clearly against the preponderance of the evidence. *Richard v. State*, 2018 Ark. App. 362, at 2, 553 S.W.3d 783, 784. To revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. *Id*. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id*. The State need only show that the appellant committed one violation in order to sustain a revocation. *Dawson v. State*, 2016 Ark. App. 558.

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to the appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious

ground for reversal. *Id*. In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787. Pursuant to *Anders*, *supra*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

We will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *E.g.*, *Ferguson v. State*, 2016 Ark. App. 4, at 3, 479 S.W.3d 588, 590. "Determining whether a preponderance of the evidence exists turns on questions of credibility and the weight to be given to the testimony." *Siddiq v. State*, 2016 Ark. App. 422, at 2, 502 S.W.3d 537, 539. Our court defers to the circuit court's determinations regarding witness credibility and the weight to be given to the testimony. *E.g.*, *id*. at 4, 502 S.W.3d at 540. In accordance with these standards, we affirm the revocation of Dyas's probation.

Viewed in the light most favorable to the State, the circuit court was correct to grant the petition to revoke Dyas's probation and sentence him accordingly. The circuit court also acted within its discretion when it resentenced Dyas to ten years' imprisonment in the ADC after he did not qualify for the ACC.

Circuit courts are authorized by Act 1569 of 1999, codified at Arkansas Code Annotated sections 5-4-301 et seq. (Supp. 2019), to modify probation-revocation sentences. Prior to Act 1569, a circuit court lost jurisdiction to modify or amend an original sentence once that sentence was put into execution. *See Moseley v. State*, 349 Ark. 589, 80 S.W.3d

5

325, 327 (2002) (citing *Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001)). Circuit courts have jurisdiction to modify a probation sentence following a revocation hearing and impose a sentence that could have been imposed for the original charge. *Id.*

Following his counsel's no-merit brief, Dyas submitted his pro se points for reversal. Dyas essentially argues that there was not sufficient evidence to revoke his probation and that the resentencing was a violation of his right against double jeopardy. However, Dyas has not developed any argument, and the entirety of his points for reversal is void of any supporting authority. When an appellant fails to develop an argument, we will not do the research for him; rather, we will simply affirm. *E.g.*, *Strong v. State*, 372 Ark. 404, 419, 277 S.W.3d 159, 170 (2008). His arguments are only a recounting of the facts as he sees them and a general assertion that the court violated his right to be free from double jeopardy. His response does not constitute a convincing legal argument, and accordingly, we affirm. *E.g.*, *Strong*, 372 Ark. at 419, 277 S.W.3d at 170.

In his pro se points, Dyas restates his testimony about his extensive medical conditions that caused him to miss several appointments with his probation officer. However, he fails to address all the grounds for which his probation was revoked. Instead, he admits testing positive for marijuana. Additionally, at his trial, he admitted smoking methamphetamine sometime within that same week.

Dyas also asserts that the court's resentencing was a double-jeopardy violation. There is no merit to this argument, and it is not preserved for our review. *E.g.*, *Sorum v. State*, 2017 Ark. App. 384, at 12, 526 S.W.3d 50, 57 (holding that an argument raised for the first time on appeal is not preserved for review). Because Dyas's double-jeopardy argument is

6

not preserved for appeal, we do not address it here and conclude there is no merit to Dyas's pro se points.

In this case, we find compliance with Rule 4–3(k)(1) and *Anders*, *supra*, and hold that there is no merit to this appeal. Therefore, we affirm and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WHITEAKER and MURPHY, JJ., agree.

*Laura Avery*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.