Cite as 2022 Ark. App. 1

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–20–650

| | |
|---|---|
| | **Opinion Delivered** January 12, 2022 |
| BRITTNIE RENEE LEE<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-13-252] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE KEITH CHRESTMAN, JUDGE |
| | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## BRANDON J. HARRISON, Chief Judge

The Crittenden County Circuit Court found that Brittnie Lee had violated the terms and conditions of her probation and sentenced her to five years' imprisonment and five years' suspended imposition of sentence (SIS). On appeal, Lee's counsel argues that there are no meritorious grounds for appeal and asks for permission to withdraw as counsel. We deny the motion to withdraw and order rebriefing.

In February 2014, Lee pled guilty to aggravated assault and fleeing, and she was sentenced to six years' probation. In June 2019, the State petitioned to revoke Lee's probation, alleging that she had violated the terms and conditions of her probation by failing to pay fines, costs, restitution, and fees as directed; failing to report to probation as directed; failing to pay probation fees; failing to notify probation of her current address and employment; and failing to live a law-abiding life, be of good behavior, and not violate any

state, federal, or municipal law.

The circuit court convened a revocation hearing on 2 July 2020. Shantina Carney, Lee's probation officer, testified that she (Carney) submitted a violation report on Lee after she failed to report, failed to call in, and did not respond to any of Carney's messages. Carney said that she met with Lee and her husband in September 2019 after Lee had served a jail sentence in Mississippi, and that she explained to Lee the conditions of probation and how to begin the process of transferring her supervision to Mississippi. Lee agreed but then stopped reporting in January 2020. Carney said that Lee owed supervision fees and had not paid the $100 fee to transfer supervision to Mississippi. Carney also confirmed that Lee was unemployed and that she (Carney) had no evidence that Lee had sought employment. Patricia Joplin, the custodian for payment-plan records for the sheriff's department, testified that Lee had made no payments and that her outstanding balance was $2,830.

Lee testified and agreed that she had been placed on probation in 2014. She then pled guilty to a charge in Mississippi and served five years. After her release in 2019, she contacted her Arkansas probation officer "as much as [she] could," but she had "transportation problems" and trouble finding work. She testified that she continued to live with her husband and child at the address in Mississippi that she provided to Carney. On cross-examination, Lee said that Carney had "mentioned" transferring supervision to Mississippi but had never provided her (Lee) with any paperwork or "pushed the issue." Lee agreed it was her responsibility to make sure she was following the rules and that she had not done that. She also agreed that she had called Carney only once, in November 2019, and that she had not kept up with what she owed in fines and costs. Lee told the

2

court that she had earned $300 babysitting but had otherwise not been successful in finding employment.

From the bench, the circuit court found that Lee had violated the terms and conditions of her probation by failing to pay fines and courts costs, failing to procure suitable employment despite her proximity to a large city (Memphis), failing to pay the $100 transfer fee that she knew was required, and failing to report or otherwise contact her probation officer. The circuit court sentenced Lee to five years' imprisonment followed by five years' SIS. This timely appeal followed.

Lee's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(b)(1) (2021), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit for an appeal. Lee was notified, via certified mail, of her right to file pro se points for reversal but has not done so. The State has not filed a brief.

In probation-revocation proceedings, the State has the burden of proving that a probationer violated the terms of his or her probation as alleged in the revocation petition by a preponderance of the evidence, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Dawson v. State*, 2016 Ark. App. 558. The State need only show that the appellant committed one violation to sustain a revocation. *Id.*

Rule 4–3(b)(1) requires the argument section of a no-merit brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal."

3

The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8. The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.* A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *See Vail, supra.*

In his argument, counsel explains that there was sufficient evidence to support the revocation. The evidence showed that Lee had not made payments as required, and she offered no reasonable excuse for her failure to pay. The evidence also showed that Lee was aware of her duty to report and to pay a transfer fee, but she had offered no reasonable excuse for her failure to do so. Counsel asserts that the circuit court should be "affirmed as modified." (Counsel does not explain what modification is necessary.)

While counsel has adequately addressed the grounds for revocation, he has failed to address a request made by defense counsel that was denied by the circuit court. During closing arguments, and again prior to sentencing, defense counsel asked that Lee be given additional probation or a suspended imposition of sentence and "take her at her word that she can get this $2,830 paid off." The circuit court denied the request, stating, "I'm not going to impose additional probation because that hasn't worked." Because counsel has not explained why this adverse ruling is not a meritorious ground for reversal, we order

rebriefing and deny the motion to withdraw.

Counsel should carefully examine the record and review the rules before filing a substituted brief within fifteen days of this opinion. If a no-merit brief is filed, counsel's motion and brief will be forwarded by this court's clerk to Lee so that she can raise any points she chooses. The Attorney General's Office will also be given the opportunity to file a responsive brief for the State if it so chooses.

Rebriefing ordered; motion to withdraw denied.

VAUGHT and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

One brief only.