Cite as 2022 Ark. App. 336

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–20–650

| | | |
|---|---|---|
| | | **Opinion Delivered** September 21, 2022 |
| BRITTNIE RENEE LEE | | |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-13-252] |
| V. | | |
| | | HONORABLE KEITH CHRESTMAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Chief Judge

The Crittenden County Circuit Court found that Brittnie Lee had violated the terms and conditions of her probation and sentenced her to five years' imprisonment. On appeal, Lee's counsel argues that there are no meritorious grounds for appeal and asks for permission to withdraw as counsel. We affirm the revocation as modified and grant the motion to withdraw.

I.

In February 2014, Lee pled guilty to aggravated assault and fleeing and was sentenced to six years' probation. In June 2019, the State petitioned to revoke Lee's probation, alleging that she had violated the terms and conditions of her probation by failing to pay fines, costs, restitution, and fees as directed; failing to report to probation as directed; failing to pay probation fees; failing to notify probation of current address and employment; and failing to

live a law-abiding life—meaning be on good behavior by not violating any state, federal, or municipal law.

The circuit court convened a revocation hearing on 2 July 2020. Shantina Carney, Lee's probation officer, testified that she (Carney) submitted a violation report on Lee after she failed to report, failed to call in, and did not respond to any of Carney's messages. Carney said that she met with Lee and her husband in September 2019—after Lee had served a jail sentence in Mississippi—and that she explained to Lee the conditions of probation and how to begin the process of transferring her supervision to Mississippi. Lee initially complied but stopped reporting in January 2020. Carney said that Lee owed supervision fees and had not paid the $100 fee to transfer supervision to Mississippi. Carney also confirmed that Lee was unemployed and that she (Carney) had no evidence that Lee had sought employment. Patricia Joplin, the custodian for payment-plan records for the sheriff's department, testified that Lee had made no payments and that her outstanding balance was $2,830.

Lee testified and agreed that she was placed on probation in 2014. She then pled guilty to a charge in Mississippi and served five years. After her release in 2019, she contacted her Arkansas probation officer "as much as [she] could," but she had "transportation problems" and trouble finding work. She testified that she continued to live with her husband and child at the address in Mississippi that she provided to Carney. On cross-examination, Lee said that Carney had "mentioned" transferring supervision to Mississippi but had never provided her (Lee) with any paperwork or "pushed the issue." Lee agreed it was her responsibility to make sure she was following the rules and that she

2

had not done that. She also agreed that she had called Carney only once, in November 2019, and that she had not kept up with what she owed in fines and costs. Lee told the court that she had earned $300 babysitting but had otherwise not been successful in finding employment.

From the bench, the circuit court found that Lee had violated the terms and conditions of her probation by failing to pay fines and courts costs, failing to procure suitable employment despite her close proximity to a large city (Memphis), failing to pay the $100 transfer fee that she knew was required, and failing to report or otherwise contact her probation officer. The circuit court sentenced her to five years' imprisonment, and this appeal followed.[1]

Lee's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1) (2022), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit for an appeal. Lee was notified, via certified mail, of her right to file pro se points for reversal but has not done so. The State has not filed a brief.

In probation-revocation proceedings, the State has the burden of proving that a probationer violated the terms of his or her probation as alleged in the revocation petition by a preponderance of the evidence, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Dawson v.*

---

[1]This is the second time this appeal has come before us; we previously denied the motion to withdraw and ordered rebriefing because counsel had not addressed all adverse rulings. *Lee v. State*, 2022 Ark. App. 1.

3

*State*, 2016 Ark. App. 558. The State need only show that the appellant committed one violation in order to sustain a revocation. *Id*.

Rule 4–3(b)(1) requires the argument section of a no-merit brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions[,] and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8. The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id*.

II.

In his argument, counsel explains that there was sufficient evidence to support the revocation. The evidence showed that Lee had not made payments as required and that she had been aware of her duty to report and to pay a transfer fee. Lee testified that she did not know how to pay her fees and that she had difficulty obtaining employment, but the circuit court did not find Lee credible. Lee's failure to obtain suitable employment and her failure to pay fines and her transfer fee constitute violations of her probation.

Counsel also addresses an additional adverse ruling. During closing arguments, and again prior to sentencing, defense counsel asked that Lee be given additional probation or a

suspended imposition of sentence (SIS) and "take her at her word that she can get this $2,830 paid off."  The circuit court denied the request, stating, "I'm not going to impose additional probation because that hasn't worked."

Counsel explains that it is the circuit court's function to impose a sentence, and it is the court's obligation to exercise its discretion in the imposition of that sentence.  *Brown v. State*, 82 Ark. App. 61, 110 S.W.3d 293 (2003).  Counsel asserts that the circuit court did not err in denying the request for additional probation or an SIS because it was clear that Lee had previously failed to comply with the conditions of her probation.  Counsel concludes that the circuit court cannot be found to have abused its discretion when it sentenced Lee to the Arkansas Department of Correction instead of further probation.

We agree with counsel and hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.  Likewise, there is no meritorious ground for appeal with respect to Lee's request for further probation.  From our review of the record and the brief presented to us, we find compliance with *Anders* and Rule 4–3(b) and hold that the appeal is wholly without merit.

We must affirm as modified, however, because Lee's sentencing order is deficient. The order shows that Lee received sentences of five years' imprisonment for aggravated assault and five years' SIS for fleeing.  The order does not, however, indicate whether her sentences run concurrently or consecutively.  By statute, the sentences must run concurrently,[2] but that does not relieve the circuit court of its responsibility to ensure that

---

[2]*See* Ark. Code Ann. § 5-4-307(b)(2) (Supp. 2021); *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864.

the sentencing order accurately reflects the sentence imposed.  We take this opportunity to encourage all stakeholders in the sentencing process to ensure that related documents are properly completed the first time around.

Affirmed as modified; motion to withdraw granted.

ABRAMSON and HIXSON, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.